## MILES L. CLARK *vs*. GEORGE K. WHITING.

The defendant, a holder of a negotiable note payable in five years from date with interest, endorsed by the payee in blank, delivered it before maturity to the plaintiff, with his name endorsed on it under that of the payee, but with the following words in his own writing above his name:—"Rec'd one year's

interest on the within. May 10, 1871." Held that the whole entry taken together imported merely the acknowledgment of the payment of interest on the note, and that if the plaintiff would show that the defendant had made himself an endorser of the note by his signature, he must show by evidence *aliunde* that the signature had no connection with the words written above it.

ASSUMPSIT against the defendant as endorser of a promissory note; brought to the Superior Court in New Haven County, and tried to the court, upon the general issue, before *Hovey, J.*

The note was for $1,000, dated May 10th, 1870, payable to the order of Hervey B. Leete in five years after date with interest, and was endorsed in blank by the payee. It appeared that the payee had delivered the note thus endorsed to the defendant, and that the defendant had delivered it to one Russell, and Russell to the plaintiff, all before the maturity of the note, and that the note was dishonored by the maker when due and notice given to Leete the first endorser and to the defendant. It further appeared that the name of the defend-ant was written by him below that of Leete, and in a proper place for an endorsement of the note, but that above his name was written in his own hand the following: "Rec'd one year's interest on the within, May 10th, 1871;" and that the note with this entry upon it was delivered by the defendant to Russell.

The defendant offered parol evidence to prove that, in writing his name on the back of the note, he did not intend to render himself liable as an indorser of the note, but that his sole intent in doing so was to acknowledge the receipt of interest on the note, which had been paid to him by the maker. To this evidence the plaintiff objected and the court excluded it.

The defendant further offered evidence to prove that, when 'ie delivered the note to Russell, the latter requested him to 'dorse it, and that he refused to do so. To this evidence the plaintiff objected and the court excluded it.

The court having rendered judgment for the plaintiff the defendant moved for a new trial.

*L. E. Munson*, in support of the motion.

Clark *v.* Whiting.

1. The alleged indorsement is not a contract of indorsement, but is a plainly expressed receipt for interest paid upon the note. It interprets itself, and should have the same legal effect as though written upon a separate piece of paper attached to the note. It does not even constitute primâ facie an endorsement, and the burden of proof was really on the plaintiff to show that it was so and not on the defendant to show that it was not.

2. The defendant offered to prove by parol that his signature was put there at the time of and in connection with the payment of interest upon the note, as an acknowledgment of such payment, and for no other purpose whatever. If that evidence had been received, and found true, then there was no contract of indorsement. The circumstances may be inquired into in such a case, and parol evidence is admissible for such purpose. 1 Swift Dig., 182; 1 Greenl. Ev., § 287; *Perkins* v. *Catlin,* 11 Conn., 213; *Case* v. *Spaulding,* 24 id., 578; *Downer* v. *Chesebrough,* 36 id., 39; *Monson* v. *Drakely,* 40 id., 552.

*H. D. Russell,* contra.

The law will not permit the contract of indorsement to be explained in a suit between immediate or remote parties without knowledge of any facts raising an equity between them. *Dale* v. *Gear,* 38 Conn., 15; *S. C.,* 39 id., 89, and authorities there cited. The offer of the excluded evidence was an attempt to avoid the liability of an indorser by connecting with his indorsement extraneous matter in no way qualifying it, and having no relation to it except mere position. This juxtaposition of the two indorsements may have been accidental, or intentional and fraudulent.

PARK, C. J. The note in question was endorsed in blank by Leete, the payee, and delivered to the defendant in the usual course of a commercial transaction. Under the indorsement of Leete upon the back of the note, the following words appear, over, and in immediate connection with, the signature of the defendant:—"Received one year's interest

on the within, May 10th, 1871.   G. K. Whiting." Does the note purport to have been indorsed by Whiting in the legal sense of that term?   We think not.   If the defendant had written the words "without recourse," over and in immediate connection with his signature before delivering the note, no one would claim that he had made a contract of indorsement. The reason is that his signature would be taken in connection with the words preceding it.   These words would qualify or explain it.   Suppose the defendant had written upon the back of the note a memorandum of some contract he had made with a third person, and the parties to the contract had signed the memorandum; could this make them liable as endorsers of the note if it should afterwards be further negotiated? Disconnect the signatures from the rest of the writing and they would be endorsements.   So disconnect the signature from the words "without recourse," in the case supposed, and the defendant would be liable as an indorser of the note; but if his signature is taken with the words he would not be liable.

We think it is clear the entry in question of itself purports merely the acknowledgment of a receipt by the defendant of a sum of money as interest on the note, and in order to make the defendant liable as an indorser the plaintiff must prove by evidence *aliunde* that the defendant's signature had no connection with the receipt.   This is the apparent construction of the entry upon the back of the note; and the plaintiff must have so understood it when he received the note. Indeed, during the time the plaintiff has held the note he has receipted in similar language, and in a similar way, a sum of money he had received as interest on it.   This shows clearly how he must have regarded the entry in question at the time he made this entry of his own.

The motion states that the plaintiff proved that the defendant indorsed and delivered the note.   If this was intended to mean that the plaintiff proved the facts by evidence *aliunde*, then the court erred in rejecting the evidence offered by the defendant to show that he did not indorse the note, but merely receipted a sum of money which had been paid as interest on the note.   If by it the court intended it to be understood that

the plaintiff proved the fact of indorsement by the note itself, then the court erred in giving a wrong construction to the entry in question; and in either case there should be a new trial.

In this opinion the other judges concurred.