## No. 8928.

## BALDWIN ET AL. *v.* SHUTER.

PROMISSORY NOTE.—*Payable to Order of Maker.*—*Forged Endorsement.*—*Negligence.*—*Burden of Issue.*—Where one is sued as the maker and endorser of a promissory note payable to his own order, and he answers, under oath, admitting that he made the note but denying that he had ever endorsed or transferred the note, as alleged, and averring that the endorsement is a forgery, the burthen of the issue is on the plaintiffs to show, by a preponderance of the evidence, the defendant's endorsement of the note; for, if the endorsement is a forgery, the defendant is not guilty of negligence in the negotiation of the note, and the plaintiffs are not innocent holders thereof for value.

PRACTICE.—*Weight of Evidence.*—*Supreme Court.*—Where there is evidence in the record tending to sustain the verdict, the Supreme Court will not disturb it on the mere weight of the evidence.

SAME.—*General Verdict.*—*Special Finding of Facts.*—*Judgment.*—If the special findings of the jury, on questions of fact submitted to them, can upon any hypothesis be reconciled with the general verdict, the latter will control, and the court will not render judgment against the party, who has in his favor the general verdict.

From the Dearborn Circuit Court.

*D. H. Stapp* and *C. W. Stapp,* for appellants.

*W. W. Campbell, O. F. Roberts* and *J. A. Parks,* for appellee.

HOWK, J.—In this case the appellants sued the appellee, as the maker and endorser of a promissory note, executed by him, and payable to his own order at a bank in this State. The cause was put at issue and tried by a jury, and a general verdict was returned for the appellee. With their general verdict, the jury also returned into court their special findings on particular questions of fact submitted to them by the parties under the direction of the court, in substance as follows:

Appellants' interrogatories:

"No. 1. Did the defendant deliver the note in suit to the plaintiffs' endorser, McClay? Answer. Yes.

"No. 2. Were the plaintiffs purchasers of the note for value and before maturity, and without notice of any defence? Answer. Yes.

"No. 3. Is the note in suit the same note which was executed and delivered by the defendant, and which afterwards came into the hands of the plaintiffs? Answer. Yes.

"No. 4. What is the amount of the note, including interest and attorney's fees? Answer. $234.61⅓.

"No. 5. What is a reasonable attorney's fee for the collection of the note in suit? Answer. $20.00.

"No. 6. Was the note not indorsed in manner and form as it now is, before it came into the hands of the plaintiffs? Answer. No."

Appellee's interrogatory:

"Did the defendant, William Shuter, sign his name on the back of the note in suit, or authorize any one to do so for him? Answer. He did not."

The appellants moved the court for a judgment in their favor, on the special findings of the jury, notwithstanding the general verdict, which motion was overruled, and to this ruling they excepted. Over their motion for a new trial, and their exception saved, the court rendered judgment for the appellee, upon the general verdict.

The appellants have assigned, as errors, the following decisions of the circuit court:

1. In overruling their demurrer to the first paragraph of appellee's answer;

2. In overruling their motion for a new trial; and,

3. In overruling their motion for a judgment in their favor on the special findings of the jury, notwithstanding the general verdict.

We will consider and decide the several questions presented and discussed by the appellants' counsel, and arising under these alleged errors, in the order of their assignment.

1. In the first paragraph of his answer, the appellee alleged in substance, that he executed the note in the complaint mentioned, but that he never indorsed, or signed, or transferred such note by writing his name thereon, nor authorized any one else to do the same; and that if his name was written on the back of said note, it was a fraud and a forgery, and not genuine; that the consideration for the giving of said note was family medicines, prepared by a pretended Western Medical Works, situated in Indianapolis, Indiana, which were sold and delivered by said pretended Medical Works to the appellee; that the said Medical Works, through their agent, who sold said medicines to appellee, at the time of the execution of said note, agreed that the note so executed was to be left at the First National Bank of Aurora, Indiana; that whenever the appellee made sales of any of said medicines, he was to pay the same into said bank, which amounts were to be credited on said note, and if he failed to sell a sufficient amount of said medicines to pay off and satisfy said note, then the remainder of said medicines were to be delivered to said Medical Works, and they were to deliver up said note to the appellee; that he had failed to sell any of said medicines, though he frequently offered the same for sale, and he still had the same; that he had tendered all of said medicines to said Medical Works, and demanded his said note, and that he was still ready and willing to surrender said medi-

cines to said Medical Works, in accordance with their said contract; but the appellee averred, that the said Western Medical Works had sold and assigned the said note to the appellants, and wholly refused to comply with their said contract, so made and entered into, at the time of the execution of said note, and contemporaneous therewith. Wherefore the appellee said, that the note in suit was given without any consideration whatever, all of which the appellants knew prior to their purchase of said note; and that the appellants' endorser William P. McClay knew that said note, at the time of his endorsement thereof to the appellants, was given without consideration, and a forgery and a fraud upon the appellee.

This paragraph of answer was duly verified by the appellee.

We are of the opinion that the court did not err in overruling the appellants' demurrer to this paragraph of answer. If the appellee had endorsed the note in suit before maturity and before its delivery to the agent of the Western Medical Works, the facts alleged in the paragraph, in regard to the consideration of the note, might not have constituted a sufficient defence for the appellee, in a suit upon the note by innocent holders for value. But the note in suit was made payable to the order of the appellee; and in their complaint the appellants alleged, among other things, that, before the maturity of said note, the appellee endorsed the same to William P. McClay, etc. In the first paragraph of his answer, as we have seen, the appellee denied, under oath, the alleged endorsement of the note, and averred that such endorsement was a forgery. Without regard, therefore, to the allegations in relation to the consideration of the note, the paragraph of answer put in issue the alleged endorsement of the note by the appellee, and thus constituted a valid defence to the appellants' action. Under the allegations of the complaint, and the issue joined thereon by this paragraph of answer, it is very clear that the appellants could not recover in this action, until they had shown, by a preponderance of the evidence, that the appellee had, as alleged, endorsed the note in suit.

It is claimed by appellants' counsel, that the demurrer should have been sustained to this paragraph of answer, because the facts alleged therein show, as they say, that the appellee was guilty of negligence in signing and delivering the note in suit to a stranger. It seems to us, however, that if the facts stated in the answer are true, and the demurrer concedes their truth, the appellee was more careful and prudent than is customary in such cases, in that he made his note payable to his own order, and delivered the same, without his endorsement, to the "stranger." He thus prevented the appellants from successfully claiming that they were innocent holders for value of the note in suit; for such a claim can not be sustained, when it rests upon the forged endorsement of the appellee's name on such note. The appellants derive their title to the note through the appellee's alleged endorsement thereof; and if this endorsement was forged, it can not be said, we think, that appellee was guilty of negligence in the negotiation of the note, such as would make him liable to the holders thereof.

2. It is claimed by the appellants' counsel that the general verdict of the jury was not sustained by sufficient evidence, and was contrary to law. As already stated, the burthen of the issue, as to the alleged endorsement of the note, was on the appellants. On this issue, it is certain that there was evidence in the record tending to sustain the verdict. In such a case, it is well settled that this court will not disturb the verdict, on the mere weight of the evidence. The instructions of the court to the jury were, perhaps, more favorable to the appellants under the issues, than the law would warrant. The court did not err, we think, in overruling the motion for a new trial.

3. When all the special findings of the jury are considered, and construed together, as they must be, there was no such inconsistency between such special findings and the general verdict, as authorized the court to render judgment in the appellants' favor, on the former, notwithstanding the latter. It

is settled that if the special findings can, upon any hypothesis, be reconciled with the general verdict, the latter will control, and the court will not render judgment against the party who has the general verdict in his favor. In such a case, every reasonable presumption will be indulged by the court, in favor of the general verdict. *Ridgeway* v. *Dearinger*, 42 Ind. 157 ; *McCallister* v. *Mount*, 73 Ind. 559 ; *Cook* v. *Howe*, 77 Ind. 442.

In the case at bar, the appellants' motion for a judgment in their favor, on the special findings of the jury, notwithstanding the general verdict, was correctly overruled.

The judgment is affirmed, with costs.