Filed Dec. 21, 1883.

---

### No. 10,612.

### PICKERING v. CORDING.

PROMISSORY NOTE.—*Endorsement.—Delivery.*—A negotiable promissory note, payable to the order of the maker, is a nullity until it is endorsed by him; and a writing on the back of such note signed by him, stating the amount of property owned by him, is not an endorsement giving the note validity, nor will the mere delivery of such a paper make the maker liable thereon to the person to whom it is delivered.

From the Tippecanoe Circuit Court.

*W. C. Wilson* and *J. H. Adams*, for appellant.

*W. D. Wallace*, for appellee.

BLACK, C.—The appellant sued the appellee. A demurrer

to the complaint was sustained, and this ruling alone is assigned as error.

The complaint alleged that on the 4th of November, 1880, the appellee executed a certain promissory note, reading as follows:

"TIPPECANOE COUNTY, IND., Nov. 4th, 1880.

"Five months after date I promise to pay to the order of myself two hundred dollars, negotiable and payable at the Nat. State Bank of Lafayette, Ind., value received, without any relief whatever from valuation or appraisement laws. The drawer and endorser severally waive presentment for payment and notice of protest and non-payment of this note.

"$200.           (Signed)           R. N. CORDING."

It was further alleged that thereupon, and then and there, the appellee made the following endorsement on said note:

"I hereby certify that I own and am worth in personal and real estate, in the township of Jackson, county of Tippecanoe, State of Indiana, $8,000 over and above all indebtedness, and the same is in full settlement of all claims and demands of every name and nature between said company and myself up to date of this obligation.      (Signed)      R. N. CORDING."

It was next alleged that thereupon the appellee "delivered said note, so executed and endorsed as aforesaid, to one Johnson, and afterward, and before the maturity of said note, the said plaintiff purchased the same of the said Johnson for a valuable consideration, and said note was thereupon transferred and assigned by the said Johnson to the plaintiff, by delivery. The plaintiff avers that said note is due and unpaid. Wherefore," etc.

It is alleged that the appellee executed the note, but it is not stated that he executed it to any person. The certificate written and signed on the back of the note, so far as it is intelligible, in the absence of extraneous explanation, is the maker's certificate as to his financial ability. It is alleged that the appellee delivered the note, so executed and endorsed, to one Johnson. The execution here referred to is that first

alleged in the complaint, and the endorsement referred to is the written matter, including the signature, on the back of the note.

It is not stated with what purpose the note was delivered to Johnson, or that he became the owner thereof, or that it was endorsed or executed to him.

Did the mere delivery of the note, so drawn, with such writing thereon, constitute an execution of the note to the person to whom it was delivered, so as to render the appellee liable, or put him to his answer at the suit of one to whom such person assigned the instrument for value before the note by its terms was to mature?

When an instrument in the form of a promissory note negotiable by the law merchant is made payable to the order of the maker himself, it is incomplete; indeed, it is a nullity, until it has been endorsed by the maker. A promissory note must have a maker, and it must have a payee who is another person than the maker. Until a promissory note made payable to the order of the maker has been endorsed and delivered by the maker, there is no payee or promisee, and the instrument is in the nature of a written promise to pay to the person to whom the maker shall, by endorsement, order payment to be made. By special endorsement a particular person may be made payee, as if his name were originally inserted as such in the note. The maker's endorsement in blank will make the instrument equivalent to a note payable to bearer. Dan. Neg. Inst., section 130; 1 Parsons Notes and Bills, 17, 18; *Dubois* v. *Mason*, 127 Mass. 37; S. C., 34 Am. R. 335.

There can be no recovery on such a note unless the maker has endorsed it, though he has delivered it to another person. *Baldwin* v. *Shuter*, 82 Ind. 560.

The maker of such a note does not become, by his endorsement, an "endorser" in the technical sense of that term. An endorsement of a promissory note, in the ordinary technical meaning of the word, is an act which transfers the instru-

ment already perfected in the hands of the endorser to another person, certain well defined liabilities attaching to the endorser dependent upon certain conditions. The maker of a note, payable to his own order, by a like act completes the note, makes the order on which his liability depends, and his liability is that of maker. That he may be held to such liability, there must be such writing upon the note as can be construed to be such an order.

Whether, when the payee or other subsequent holder of a note transfers it to another, and the transferree writes a guaranty above his signature, he may be held liable as an endorser to a remote transferree, is a question upon which there has been a want of agreement in the cases. In *Trust Co.* v. *Nat'l Bank*, 101 U. S. 68, it is said: "That a guaranty is not a negotiation of a bill or note as understood by the law merchant, is certain."

In *Williams* v. *Potter*, 72 Ind. 354, an endorsement on a promissory note to the effect that, at a certain date stated, the amount then due on the note was payable to a stranger named "for me," signed by the payee, was not sufficient to transfer to said stranger the title to the note or to the money due thereon.

The signature of the maker upon the back of a note made payable to his own order can not be construed as such an order without any regard to written matter to which the name may be signed. Such writing can not be filled up or changed for such purpose. The signature can not be disconnected from the writing above it and be regarded as a blank endorsement. *Clark* v. *Whiting*, 45 Conn. 149. The note and the writing on the back, with the signature thereto, must be taken together, and no effect must be given foreign to what is expressed. To perfect the note, the writing on the back must, at least, import a purpose of the maker to transfer the note. The delivery could only be important in connection with such a writing as could be construed to be an order for the payment of the note.

The writing upon which the appellant relied as an order of the maker, such as was necessary to give effect to the instrument as his note, does not, in our opinion, amount to such an order.

The judgment should be affirmed.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment be affirmed, at the appellant's costs.

Filed Dec. 21, 1883.