B. F. TUCKER, Administrator, etc., Appellant, v. N. T. GENTRY, Executor, etc., Respondent.

Kansas City Court of Appeals, April 7, 1902.

1. **Bills and Notes: INDORSER: GUARANTOR: ENTRY ON BACK: DEMAND: NOTICE.** An entry on the back of a note read: "Credit, etc., by etc., balance due nine hundred and 93-100 dollars—which are to bear only six per cent interest from this date. R. L. Todd." *Held,* the entry was a mere attestation of the credit and of the reduced interest and did not make Todd an indorser or a guarantor; but if it had he can not be held since there was no demand or notice.

2. ————: ————: ————: **DEFINITIONS.** An indorser is only a security for the solvency of the maker of the bill, while a guarantor warrants the payment of the debt.

3. ————: ————: **CONSIDERATION.** When a guaranty is contemporaneous with the execution of the instrument, there need be no consideration other than the debt evidenced by the note, but where it is made after execution and delivery of the note, although before due, there must be a new consideration.

4. Witnesses: COMPETENCY: HEIRS OF DECEASED. B and R were administrators of T, and as such had a conversation as to R's liability on a note belonging to the estate. B was the son of T. After R's death B presented the note for allowance against his estate. *Held,* B was not a competent witness as to the conversation.

5. ———: ———: WAIVER OF. Where a party introduces a witness, incompetent under the statute by reason of her heirship, her husband is incompetent also and the married women's statute does not remove his disqualification.

Appeal from Boone Circuit Court.—*Hon. Jno. A. Hockaday,* Judge.

AFFIRMED.

*T. S. Carter* and *Fry & Clay* for appellants.

(1) Declarations of a party against his interests, at the time they are made, are admissible against him. Wynn v. Cory, 48 Mo. 346; Stewart v. Glenn, 58 Mo. 481; Diel v. Stegner, 50 Mo. App. 535. (2) When both parties to an action are dead, if the action involves property of the deceased parties, the heirs of both deceased parties who derive title from such ancestor are deprived of the right to testify under section 4652, Revised Statutes 1899. Messimer v. McCray, 113 Mo. 382. (3) Under our married women's act, property inherited by a wife from her father is her sole and separate property. R. S. 1899, sec. 4340. A husband of a daughter of a deceased party in an action by the estate of the ancestor, is not an heir and is therefore a competent witness. Messimer v. McCray, 113 Mo. 382. (4) An indorser of a note after its delivery, who is neither maker nor payee, is guarantor. Stagg v. Linnenfelser, 59 Mo. 336; Adams v. Huggins, 73 Mo. App. 140. (5) An indorsee of a note who indorses the same in blank before maturity and puts it in circulation, is liable for the payment of the same.

*N. T. Gentry pro se; S. Turner, E. W. Hinton* and *W. M. Williams* of counsel.

(1) The mere filing in the probate court of the note executed by Betty P. Todd, in favor of C. S. Pierce, was not sufficient to give notice of any claim to hold the estate of R. L. Todd liable on account of an assumption by him of the mortgage debt, and, hence, the appellant can not complain of the exclusion of testimony as to any admissions of such an assumption. Seligman v. Rogers, 113 Mo. 660; Watkins v. Donnelly, 88 Mo. 322; Williams v. Gerber, 75 Mo. App. 18. (2) Aside from the competency of the evidence under the claim filed in the probate court, no error was committed in excluding offers to prove by the heirs and distributees of W. W. Tucker that Mr. Todd had admitted to them the assumption of the mortgage debt, or other liability on account of it, because his death rendered them incompetent to give such testimony in favor of the estate in which they were directly interested. Meier v. Thieman, 90 Mo. 433; Leach v. McFadden, 110 Mo. 584; Messimer v. McCray, 113 Mo. 382; Miller v. Slupsky, 158 Mo. 643; Bieber v. Boeckmann, 70 Mo. App. 503; Bagnell v. Bank, 76 Mo. App. 121; Warfield v. Hume, 91 Mo. App. 541. (3) At common law a legatee or distributee of an estate, though not a party to the record, was not a competent witness on its behalf because of his interest in the result. Foster v. Nowlin, 4 Mo. 22. And this common-law disability still prevails where the adverse party to the contract or cause of action is dead. Leach v. McFadden, 110 Mo. 584; Meier v. Thieman, 90 Mo. 433; Warfield v. Hume, 91 Mo. App. 541. (4) Johnson was the husband of one of the distributees of W. W. Tucker's estate, and hence was incompetent to testify in favor of his wife who was directly interested in the suit. Swift v. Martin, 19 Mo. App. 488; Bieber v. Boeckmann, 70 Mo. App. 506; Callahan v.

Billat, 68 Mo. App. 435; Paul v. Leavitt, 53 Mo. 595; Joice v. Branson, 73 Mo. 28; Labaree v. Woods, 54 Vt. 452; Gilkey v. Peeler, 22 Tex. 663. (5) The appellant is in no position to question the competency of Betty P. Todd, because he had waived all objections on that score by introducing her as a witness, and by taking her deposition in the case, covering the very matters on which she was cross-examined by the defendant. Tomlinson v. Ellison, 104 Mo. 105; Ess v. Griffith, 128 Mo. 50; Borgess v. Vette, 142 Mo. 560; Hoehn v. Struttman, 71 Mo. App. 399. (6) Counsel for appellant next advance the remarkable proposition that because R. L. Todd signed his name to the memorandum on the back of the note, attesting the credit and reducing the rate of interest, he should be held as a guarantor. This contention is so opposed to both reason and authority that it scarcely merits serious consideration. Howser v. Newman, 65 Mo. App. 367; Rickey v. Dameron, 48 Mo. 61; Kuntz v. Tempel, 48 Mo. 71; Schnell v. Mill Co., 89 Ill. 582; Bigelow v. Coulton, 13 Gray 309; Pierce v. Mann, 17 Pick. 244; Vore v. Hurst, 13 Ind. 551; Coon v. Pruden, 25 Minn. 105. (7) The appellant next insists that R. L. Todd indorsed the note and thereby incurred the liability of an indorser. To counsel for respondent, at least, this contention appears so baseless that any argument on the subject seems almost superfluous. Tiedeman on Com. Paper, sec. 256; Patterson v. Cave, 61 Mo. 439; Davis v. Carson, 69 Mo. 609; Wolf v. Burgess, 59 Mo. 583; Faulkner v. Faulkner, 73 Mo. 327.

BROADDUS, J.—The plaintiff as administrator of the estate of W. W. Tucker, deceased, sues the defendant as executor of the estate of R. L. Todd, deceased. The history of the case in the main is substantially as follows:

In June 1889, Miss Bettie P. Todd, a daughter of R. L. Todd, deceased, bought a thirty-acre farm of one C. S. Pierce in the state of California, at the price of $7,597.20,

Tucker v. Gentry.

in payment for which she borrowed about $1,800 from her father which said amount she paid to Pierce to complete the cash payment required, and for the balance she executed three promissory notes, two for $1,000 each and the other for $3,179.20 all bearing ten per cent compound interest, to secure the payment of which she executed a common-law mortgage. The said notes are each dated June 17, 1889, and were due, respectively, as follows: One for $1,000, on or before January 1, 1891; one for $1,000, on or before January 1, 1892; and the other was due on or before the first day of January, 1893. Early in the year 1890 said R. L. Todd induced W. W. Tucker to buy these notes from Pierce and to hold them at a reduced rate of interest; and through the efforts of R. L. Todd, said Pierce sent said notes to the Exchange National Bank at Columbia, Missouri, of which Todd was the cashier. These notes were indorsed by Pierce as follows:

"Pay to the order of R. L. Todd without recourse. C. S. Pierce."

On the note first due, the one in controversy, is the following writing: "Credit February 17, 1890, by seventy-four and 50-100 dollars (74.50), bal. due nine hundred and 93-100 dollars—which are to bear only six per cent interest from this date. R. L. Todd." It seems that Tucker was not present at this time, but Todd charged his account in the bank with the amount of the three notes and remitted the proceeds of the notes to Pierce. No complaint is made of want of authority upon the part of Todd to apply the funds in the bank belonging to Tucker to the purchase of the said notes. Tucker died in 1892, and his son B. F. Tucker, the plaintiff here, and said Todd, were appointed as administrators of his estate.

In August, 1892, after the death of Tucker, and after the note in suit became due, Miss Todd conveyed said mortgaged property to her father, R. L. Todd, for the expressed

consideration of $7,500. This conveyance was made without consulting her father, and it is claimed for the purpose of enabling him to dispose of the property at private sale and to apply the surplus to remunerate himself for the money he had advanced to her when she made the purchase. After Tucker's death a controversy arose between Todd and Tucker's heirs which was not adjusted but was still pending when Todd also died. B. F. Tucker, as surviving administrator of W. W. Tucker's estate presented the note mentioned to the probate court for allowance against Todd's estate. Said note was filed in the probate court without any statement accompanying it.

We gather from the plaintiff's argument that he relies for recovery upon two grounds, viz.: first, that Todd was an indorser; second, if not an indorser, he was a guarantor.

Pierce, the payee of the note, transferred it to Todd who thereby became the holder. It is contended that the writing on the back of the note: "Credit February 17, 1900, by seventy-four and 50-100 dollars ($74.50), balance due nine hundred and 93-100 dollars—which are to bear only six per cent interest from this date," and signed by R. L. Todd, amounts to an indorsement by Todd. It seems to us, however, that it is plainly otherwise, and that the signature of Todd is to be construed as a mere attestation of the credit given and of the reduced rate of interest the note shall bear from that date. But there is evidence that Todd said at one time that he had indorsed the note to Tucker. On this point, T. S. Carter testified that after the death of Tucker he had heard Todd say he had indorsed and delivered the three notes to Tucker, and that he felt he was liable for them. But admitting that the signature of Todd, as aforesaid, was intended as, and, in fact, was an indorsement, we do not see how that would help the plaintiff, as it does not appear that demand and notice of failure to pay was ever at any time made upon Todd; in the absence of which the plaintiff could not recover of Todd or his executor.

The next question that arises is: did Todd by placing his name on the back of the note constitute himself a guarantor? The determination of this question involves an inquiry as to what it takes to constitute a guarantor. The contract of a guarantor, it is agreed by all the authorities, which need not be cited, is very different from that of an indorser. An indorser is only a security for the solvency of the maker of the bill, while a guarantor guaranties or warrants the payment of the debt evidenced by the bill.

When the guaranty is contemporaneous with the execution of the instrument, it is not necessary that there should be any consideration other than that for which the note is evidence. But where, as in this case, the alleged guaranty was made long after the execution and delivery of the note, although before due, there must be some new consideration. Like all valid contracts, there must be a consideration to support it; and there can be no presumption of a consideration— it must be proved. Howard v. Jones, 13 Mo. App. 595; Pfeiffer v. Kingsland, 25 Mo. 66; Osborne & Co. v. Lawson, 26 Mo. App. 549; Daniels on Negot. Inst., pp. 682-83, sec. 1760. There is nothing in this case tending to show a consideration for a guaranty. The evidence is to the effect that Todd, at the time he delivered the note to Tucker, although he was the indorsee, had no interest in it whatever. It was transferred to him as a matter of convenience to be delivered to Tucker, the purchaser. The contention of the plaintiff for this reason alone would fail. We are forced to the conclusion that Todd was neither an indorser nor a guarantor, as the testimony wholly fails to show either.

On the trial, plaintiff B. F. Tucker was introduced as a witness to prove certain statements alleged to have been made by Todd in April, 1892, while an inventory was being made of the estate of the deceased Tucker. Upon objections on the part of the defendant that he was not a competent witness, he was not permitted to testify. Plaintiff alleges this to have

been an error upon the part of the court. It is true that section 4652, Revised Statutes 1899, provides that, "where an executor or an administrator is a party, the other party shall not be admitted to testify in his own favor, unless the contract in issue was originally made with a person who is living and competent to testify, except as to such acts and contracts as have been done or made since the probate of the will or the appointment of the administrator. . . ." The statute does not apply to the facts of this case. The statements of Todd sought to be introduced were not made by Todd's executor after the probate of his will, but were made by Todd while he was acting with plaintiff as administrator of Tucker's estate. The plaintiff was incompetent by reason of the fact that he was an heir at law of the deceased Tucker. Leach v. McFadden, 110 Mo. 584; Messimer v. McCray 113 Mo. 382; Miller v. Slupsky, 158 Mo. 643; Warfield v. Hume, 91 Mo. App. 541.

Miss Bettie P. Todd was also introduced as a witness by plaintiff to prove the signature of C. S. Pierce, the indorser and payee of the note in suit; whereupon the defendant, over the objections of the plaintiff, proceeded to prove by her other facts in the case. This is claimed to have been error on the part of the court. It is true that Miss Todd was an incompetent witness by reason of the fact that she was an heir at law of Todd the deceased but the plaintiff by introducing her as his own witness waived her incompetency. Borgess v. Vette, 142 Mo. 560; Hoehn v. Struttman, 71 Mo. App. 399.

The defendant has argued that he could not be held to the payment of the note on the ground that his testator had assumed its payment in consideration for the conveyance to him by Miss Todd of the California land mortgaged to secure the same. The plaintiff has not urged that point in his argument for the reason, we suppose, that it was untenable as there was no evidence upon which to base it.

The plaintiff offered to prove by J. A. Johnson certain

statements alleged to have been made by Todd to him shortly before Todd's death, in reference to the indorsement of the note. His competency as a witness was objected to because he was the husband of a daughter of the deceased Tucker, which objection was sustained. The plaintiff complains of this ruling of the court. It is insisted that the estate of the decedent which descended to witness's wife, under the statute, became her separate estate; and therefore the husband has no such interest as would disqualify him as a witness. This argument would perhaps be good if the statute which governs the rights of married women changed the entire relation that existed between husband and wife at common law; but unfortunately for the plaintiff's contention, it does not. Callahan v. Billat, 68 Mo. App. 435; Bieber's Admr. v. Boeckmann, 70 Mo. App. 503; Joice v. Branson, 73 Mo. 28. It is useless to cite further authorities on this question.

There are other questions raised by the parties here, but as those already passed on have precluded the right of the plaintiff to recover upon any theory whatever, they will not be considered.

For the reasons given, the cause is affirmed. All concur.