GENERAL CONTRACT PURCHASE CORPORATION, RESPONDENT, v. R. A. ALCORN, DOING BUSINESS AS ALCORN MOTOR COMPANY, APPELLANT.—47 S. W. (2d) 162.

Springfield Court of Appeals. March 7, 1932.

*C. T. Bloodworth* for appellant.

*O. A. Tedrick* and *Lawrence E. Tedrick* for respondent.

COX, P. J.—Action to recover upon a note and conditional sales contract for the sale of an automobile. Defendant filed a general denial and also pleaded a contract between himself and plaintiff and claimed that under the terms of that contract, plaintiff could not recover and also filed a counterclaim. At the trial plaintiff and defendant agreed that plaintiff owed defendant a certain sum on the counterclaim. On trial by jury a verdict was rendered for plaintiff on its petition and for defendant on the counterclaim. After motion for new trial by defendant, which was overruled, he appealed.

Plaintiff's petition alleges that defendant, desiring to sell to plaintiff a certain promissory note and conditional sales contract executed by one Helen Payton, did, "with the intent to deceive and defraud plaintiff, warrant that the said note was, First, genuine and in all respects what it purported to be. Second, that he had a good title to same. Third, that the said Helen Payton had legal capacity to execute said note. Fourth, that he knew of no fact that would impair the validity thereof."

That defendant further falsely and fraudulently represented to plaintiff that said Helen Payton was of good reputation and that he believed her to be financially able to pay the obligation of said note and conditional sales contract.

Plaintiff then alleges that by reason of said warranties and representations as aforesaid, it purchased the said note and contract from defendant and paid therefor $1484. Plaintiff then alleges that at the time the note and sales contract were executed by Helen Payton she was under twenty-one years of age and was not of good repute and was not financially able to take care of the obligation of said note and contract, all of which defendant knew or could have known by the exercise of ordinary care and diligence.

That Helen Payton had paid $164.94 on said note and contract and then refused to pay any more but brought suit in Butler county to avoid said note and that judgment was rendered in said court in her favor.

That there is still due plaintiff the sum of $1319.04 and this sum represents the amount plaintiff has lost by reason of the false and fraudulent warranties and representations made to it by defendant as aforesaid.

The answer was a general denial followed by a special defense based on the contract alleged to have been executed between plaintiff and defendant which, it is alleged, covered all liabilities of both parties growing out of the sale to plaintiff of the note and conditional sales contract sued upon by plaintiff. This contract was called a dealer's agreement. No reply was filed denying its execution and plaintiff's first witness, Mr. Obermeier, who was plaintiff's manager at St. Louis, on cross-examination admitted the execution of the contract.

The contract just mentioned contained certain provisions pleaded in defendant's answer which, it was alleged, fixed the terms and the liabilities of each party relative to the note and sales contract in suit. These are, in substance, as follows:

That this agreement provided among other things that it should constitute the mutual agreements which each party thereto assumed in regard to the purchase of all notes and contracts by the plaintiff herein.

That said contract provided in case of default in payment or for other reasons it became necessary to re-possess the automobile and plaintiff should re-possess it and deliver same to defendant at his place of business within ninety days from the date of default, then upon such default and delivery, this defendant agreed without regard to his endorsement "without recourse" to accept such automobile and pay plaintiff the balance due on the note and sales contract but if the automobile was not returned to defendant until more than ninety days after default, then in that event defendant should still receive back the car but should only be required to pay to plaintiff the then value of the car as shown in the last issue of the National Used Car Market Report (Blue or Red Book) applicable to the territory in which the dealer is located.

The answer when alleges that the automobile was not returned to defendant within ninety days after default but was offered to be returned after ninety days if defendant would pay the balance due on the note and defendant offered to take the automobile and pay its value as shown by the market report above referred to and is still ready and willing to take it and pay plaintiff upon that basis.

There is also an allegation that said contract has no provision covering the fact of the purchaser of the automobile being a minor except in cases of conversion, confiscation or collision of said automobile and then alleged that there had been no conversion, confiscation or collision of this car, hence the provision as to the purchaser being a minor did not apply to this case.

Defendant then set up a counterclaim which, as said, was agreed upon and there was no controversy relative thereto.

The plaintiff filed a demurrer to the special defense of defendant pleaded in his answer and the court sustained it. That is one of the errors assigned by defendant. We think the court was wrong in sustaining that demurrer. If parties enter into a contract that is not in conflict with the law, then it is binding and the rights of the parties must be determined under it and not under some provision of the statute with which the contract is not in conflict. Respondent claims that our statute, section 2693, Revised Statutes 1929, gives the plaintiff the right to hold defendant liable on his note and contract notwithstanding the fact that he endorsed them ''without recourse.'' This statute provides that ''Every person negotiating an instrument by delivery or by qualified endorsement warrants, (1) that the instrument is genuine and in all respects what it purports to be (2) that he has a good title to it; (3) that all prior parties had capacity to contract: (4) that he has no knowledge of any fact which would impair the validity of the instrument or render it valueless . . .''

There are some other provisions that have no application in this case. It will be observed that plaintiff's petition follows the language of this statute and charges that defendant ''did with intent to deceive and defraud plaintiff warrant'' the above things as stated in the statute. Evidently, plaintiff's action is based on the warranties enumerated in the statute and the particular one relied on is No. 3 ''that all prior parties had capacity to contract.'' Prior parties would include the maker and since the maker in this case was a minor, plaintiff contends that defendant breached his warranty when he sold the note and contract to plaintiff.

It is our opinion that the statute has no application to this case for the reason that the parties entered into a contract which fixed their rights and duties and we shall direct our attention to the contract. While the court sustained a demurrer to that part of defendant's answer which pleaded the contract as a defense to plaintiff's alleged cause of action, yet, at the trial, the contract was admitted in evidence and, as stated, plaintiff's manager at St. Louis while on the witness stand admitted that the contract was executed so there is no issue of fact as to the execution of the contract.

The pertinent parts of this contract applicable to this case are in substance as follows: That the provisions of this contract shall constitute the mutual obligations of the parties relative to any notes and sales contracts sold by defendant to plaintiff although the notes might be endorsed ''without recourse.''

That if default should be made in payments on the note by the maker and plaintiff should retake the car into its possession and should return the same to defendant within ninety days after default, defendant would accept the car and pay the plaintiff the

balance due on the note, but if the car were returned to defendant more than ninety days after default, then defendant should only be required to pay the then value of the car as given in the latest issue of the National Used Car Market Report (Blue or Red Book) applicable to the territory in which the defendant was located. There are some other provisions not applicable here. There is one other provision in the exceptions provided in the contract that is relied on by plaintiff to the effect that if there should be conversion, confiscation or collision, then the dealer—defendant in this case—would not be protected against losses by reason thereof in certain enumerated circumstances among which is the fact that the purchaser of the car was a minor. There is no other provision in the contract that applies specially when the purchaser is a minor so the fact that the purchaser in this case was a minor did not affect the rights of the parties because there was no showing that there had been either conversion, confiscation or collision as to defendant's car.

There is, apparently, an effort on the part of plaintiff to combine an action for fraud with an action under the statute. We do not pass upon the question of whether or not that can be done but we do not think plaintiff's petition sufficient to state a cause of action for fraud and neither will its evidence sustain a charge of that kind if it were properly pleaded.

It is our opinion that the contract between the parties in this case destroys plaintiff's right to sue under the statute and for that reason he cannot recover in this action, but if he has a right of action at all, it must be based on a breach of the contract made by the parties which fixes their rights and liabilities relative to notes and conditional sales contracts purchased by plaintiff from defendant.

The judgment will be reversed. Bailey and Smith, JJ., concur.