WILBER J. A. THOMASSEN, EXECUTOR OF THE ESTATE OF ADOLPH THOMASSEN, DECEASED, AND JULIUS A. MUELLER, RESPONDENTS, v. JOHN W. DAVIS AND FRANCES E. DAVIS, APPELLANTS.—131 S. W. (2d) 387.

St. Louis Court of Appeals. Opinion filed July 11, 1939.

*A. C. Britt* and *R. Shad Bennett* for respondents.

242

*Frances R. Stout* for appellants.

HOSTETTER, P. J.—This suit was begun in the Circuit Court of St. Louis County on December 14, 1937. The condensed allegations of the petition are as follows:

That each plaintiff holds separate and distinct interests, growing out of the same contract and transaction hereinafter stated; that Wilber J. A. Thomassen, duly appointed and acting executor of the estate of Adolph Thomassen, deceased, is duly authorized to sue and that the notes and property referred to as belonging to said executor are a portion of the properties and assets of said estate; that on or about March 5, 1925, Alvin T. Dickens and Grace C. Dickens, his

wife, executed a deed of trust to Theodore T. Bayer, as trustee, on the following property, to-wit:

Lots 2 and 3 in Block 2 of Vernon Place, a subdivision in St. Louis County, Missouri, as per plat thereof recorded in Plat Book 7, page 49, St. Louis County Records. . . .

That said deed was for the purpose of securing $5000 in principal notes together with eighteen interest notes representing interest at six per cent on said principal notes after the date of their maturity, all of which notes were payable to the order of C. A. Oliver; that said deed of trust was duly recorded on March 6, 1925; that each of the plaintiffs own and represent one of said principal notes in the sum of $2000, each of which notes were executed on March 5, 1925, and each of which shows on its face that it is due on March 5, 1928, and each of which shows on the back thereof four separate extensions of the due date thereof, and that each of said notes were endorsed without recourse respectively and separately to the plaintiffs by said C. A. Oliver, payee therein;

That on January 12, 1935, at the request of defendants, John W. Davis and Frances E. Davis, who had prior to said date acquired the legal title to the real estate hereinbefore described covered by said deed of trust, plaintiffs granted them an extension of the due date of said notes for a period of three years from said extended due date, making the same mature on March 5, 1937, and that in consideration of said extension the said defendants endorsed each of said principal notes for $2000 each and in conjunction therewith executed separate sets of interest notes bearing date as of March 5, 1934, and maturing March 5, 1937, in the sum of $60 each and payable to the order of Amelia Schirmer, which said interest notes were duly endorsed without recourse by the said Schirmer to the separate plaintiffs herein or Adolph Thomassen, deceased, and that each and all of said four separate notes, together with the several endorsements and extensions thereof are attached to and made a part of the petition, being plaintiffs' Exhibits 1 and 1a, and Exhibits 2 and 2a; that said notes and each of them are long past due and that by their terms plaintiffs are entitled to the sum of said principal and interest notes together with interest on and after March 5, 1937, at 8 per cent per annum, all of which remain unpaid after request made of defendants; that all of the original interest notes and $1000 of the original principal notes mentioned in said deed of trust have been paid and cancelled of record and that the two separate principal notes in the sum of $2000 each and the interest notes hereinabove mentioned represent all of the unpaid notes secured by deed of trust;

That the real estate herein described is not of sufficient value to pay the sums due the plaintiffs and each of them and that the defendants Davis and wife are in possession of said properties and enjoying the use and income therefrom; that Theodore T. Bayer,

trustee in said deed of trust, has long since been deceased and no successor trustee has even been appointed and that there is no acting trustee empowered to sell the property herein described to pay the indebtedness or to apply the proceeds on the said indebtedness described in said deed of trust; that, wherefore plaintiffs pray that the court appoint a receiver to take charge of the property and collect the rents and to apply all rents or incomes derived from said property towards the payment of the indebtedness represented by the notes herein described and that the court take an accounting and determine the amount due plaintiffs and each of them and that the court order and direct said property to be sold and the proceeds, after paying costs of sale, be applied on the judgment and the remainder, if any, be paid to the defendants and each of them as they may be entitled thereto and in the event the sale of said property is insufficient to satisfy the judgment and costs that the plaintiffs and each of them have a deficiency judgment decree of such sum as they, or each of them may be entitled to, and that the court order a levy upon the properties of the defendants named in said judgment and to cause same to be sold and the proceeds used to satisfy the remainder due plaintiffs on their judgment and costs.

This petition was verified by affidavit.

The answer of the defendants John W. Davis and Frances E. Davis, his wife, contained an admission of the appointment of Wilber J. A. Thomassen to be acting executor of the estate of Adolph Thomassen and his right to sue on the notes in controversy as being a part of the estate of said decedent; an admission that Alvin T. Dickens and Grace C. Dickens, his wife, executed the deed of trust on the property described, for the purpose of securing the notes and that such deed of trust was duly recorded; an admission that on January 12, 1935, at the request of defendants Davis and wife plaintiffs granted an extension of the due date of the principal note described in said deed of trust for a period of time making same mature on March 5, 1937, and that at said time the principal note secured by said deed of trust consisted of two notes each in the sum of $2000, being plaintiffs' Exhibits 1 and 2; that they deny that they or either of them endorsed either of said principal notes; that they admit that they executed the two separate sets of interest notes bearing date of March 5, 1934, and maturing March 5, 1937, in the sum of $60, each payable to the order of Amelia Schirmer, which said interest notes are endorsed without recourse by the payee to the plaintiffs herein; that there remains unpaid two of said interest notes; that they deny all allegations of plaintiffs' petition not specifically herein admitted.

Said defendants further state that the are not liable on the said two principal notes each in the sum of $2000; that the plaintiffs in this cause attempt to recover judgment against them on said two notes

and allege that they endorsed said principal notes and that there appears on said two principal notes the following:

"January 12, 1935.

"This is evidence that this note is in full force and effect to the full face amount and has been extended by the owner at our request. John W. Davis. Frances E. Davis."

That plaintiffs claim and allege that this writing on said notes constitutes an assumption and agreement to pay the said notes on the part of these defendants, and allege that the same constitutes an endorsement as that term is used in the Negotiable Instrument Act and Statutes of Missouri, and thereby allegedly making these defendants personally liable by reason of this writing on the said notes; that these defendants claim that said writing does not make them personally liable on the said principal notes and that they desire a declaratory judgment as to whether or not they are liable on said principal notes by reason of this writing on the said notes or by reason of any other matter, fact or thing alleged in the petition.

Defendants further allege that there is a question of law requiring an interpretation of the deed of trust to determine whether or not the money received from the sale of the real estate should be applied to the payment of interest notes and the payment of principal notes or if they should be applied *pro rata* on principal and interest notes and these defendants desire a declaratory judgment from the court as to their liability on said interest notes.

Defendants pray the court to render judgment declaring them not to be liable on said principal notes and that the proceeds of the sale of the real estate shall be applied to the interest notes before being applied to the principal notes and that they be discharged with their costs.

The answer was verified by affidavit.

The reply was a general denial.

The cause was heard by the court without the intervention of a jury and, after the hearing, the court took the cause under advisement, and, on the 13th day of June, 1938, entered up a finding and judgment in favor of the plaintiffs and against the defendants, John T. Davis and Frances E. Davis, his wife, and found and adjudged that the real estate in controversy be sold by the special commissioner appointed by the court and directed that the proceeds of such sale be applied on the costs of advertising and the costs in the suit and the payment of taxes which may be due and to the indebtedness found to be due to each of the plaintiffs from the defendants and each of them.

Following the rendition of this judgment said defendants, John W. Davis and Frances E. Davis, after an unvailing motion for a new trial, and one in arrest of judgment, duly bring the cause to this court by appeal for review.

As we view the situation involved in this appeal the principal, if not the sole question, for our determination is whether the writing signed by defendants Davis and wife, on the backs of the two $2000 notes, makes them personally liable for the payment of said notes.

Counsel for plaintiffs in their brief assert that their claim of defendants' personal liability on the two notes is based, not only on the fact that they signed the writing on the back of said notes, but also that the deed by which they acquired title to the property recited that they assumed and agreed to pay the two $2000 notes in controversy, which were then liens on the property. This is denied by defendants, who, in a reply brief, set out a deed, by which they claim they acquired title to the property, which contains no such clause of assumption of liability and an agreement to pay the mortgage notes; although they admit that such deed was not introduced in evidence.

This was an ordinary quitclaim deed dated March, 1929, purporting to convey to J. W. Davis and Frances E. Davis, his wife, the property in controversy, made by D. M. Hollingsworth and Thelma Hollingsworth, his wife, duly acknowledged on March 14, 1929, and filed for record on March 19, 1929, and duly recorded in the office of Recorder of Deeds of St. Louis County, Missouri.

Sir Walter Scott once said, ''I cannot say how the truth may be, I say the tale as 'twas told to me.''

We have carefully examined the abstract of the record, which, including the bill of exceptions, is the repository of the facts developed at the trial, and is our guide in the assembling of the events of the trial, and we find no testimony to the effect that defendants assumed any personal liability for the payment of the notes secured by the deed of trust on the property in controversy by the deed by which they acquired title to the property. Neither is there any assertion in plaintiffs' petition to that effect.

In this situation, regardless of the correctness or incorrectness of plaintiffs' claim to the contrary, we will adhere to the integrity and finality of the abstract which has not been questioned by either side, and shall confine our attention to the effect of the signed statements on the back of the notes, which read as follows:

''January 12, 1935.

''This is evidence that this note is in full force and effect to the full face amount and has been extended by the owner at our request. John W. Davis. Frances E. Davis.''

We concede that there are many cases which hold that the mere signing of the name of a party on the back of a promissory note not being otherwise connected with the note, has the effect of creating a liability as maker, endorser, or guarantor of the instrument. But where a party signs a statement on the back of a promissory note the question of the liability or non-liability of such signer must be determined in connection with a consideration of and an interpre-

tation of the statement he signs. Such a rule is in consonance with reason and common sense.

Suppose a stranger to a promissory note should write and sign a statement on the back of the instrument to this effect: "I believe the parties who signed this note to be solvent, but it is not my intention to make myself liable in any respect by signing this statement." Would it be seriously contended in the face of this disclaimer of intention to create any liability that the party was liable as maker, endorser or guarantor? We opine not. Not the following authorities: Ginter v. McBride et al., 222 Mo. App. 1156, 14 S. W. (2d) 41, l. c. 42; Tucker v. Gentry, 93 Mo. App. 655, l. c. 660, 67 S. W. 723, 724; Gray Tie & Lumber Co. v. Farmers Bank, 109 Ky. 694, 60 S. W. 537, l. c. 538; Pickering v. Cording, 92 Ind. 306, 47 Am. Rep. 145; 10 C. J. Secundum, p. 466, sec. 38, note 74; Stephens v. Bowles, 202 Mo. App. 599, 206 S. W. 589; General Contract Purchase Corp. v. Alcorn, 226 Mo. App. 1026, 47 S. W. (2d) 162, and cases therein cited; Clark v. Whiting, 45 Conn. 149; Hyland's Estate v. Foote's Estate, 106 Vt. 1, 168 Atl. 925 and cases therein cited.

It is contended by counsel for plaintiffs that the signatures to the statement on the back of the two notes for $2000 each was in consideration of the extension of time for payment. There is nothing in the record to support this contention and we are unable to agree with counsel in such contentions. Various extensions in the payment of the notes were made on the back of the notes theretofore without any statement having been made and signd by the Davises.

It is more in consonance with the facts that the real reason for the statements was because the notes being dated March 5, 1925, would be ten years old on March 5, 1935, and the Statute of Limitations would begin to run at that time. While there might have been no real danger of the notes being held to be barred, because interest notes had been paid in the meantime, still, to avoid all litigation and controversy on that question, it became important and desirable to have the Davises, who owned the land subject to plaintiffs' mortgage lien, to be tied up on the question of limitation, and, it is significant to note that the statement was made and signed by them in the presence and at the request of the Assistant Bank Cashier who collected the interest for the note holders.

Interpreting the statement which Davis and his wife signed, and arriving at the real reason why they signed, we conclude that they had no thought or intention of making themselves personally liable on the notes.

The statement contained in the plaintiffs' petition to the effect that the value of the real estate covered by their mortgage lien was so much less than the mortgage debt, was, of course, as well known to Davis and his wife as it was to the plaintiffs, and it would have been very foolish for them to have made themselves personally liable for the payment of the mortgage debt under these circumstances.

Hyland's Estate v. Foote's Estate, 106 Vt. 1, 168 Atl. 925, is a case bearing a striking similarity to the facts of the instant case. In said cited cases Foote purchased real estate subject to a deed of trust. The note secured by the deed of trust was extended for three years and the following memorandum was written on the note and signed by Foote: "January 30, 1929. For value rec'd, this note extended to on or before three years from this date."

In holding that Foote did not create any personal liability by signing said writing on the back of the note the Vermont Supreme Court used, *inter alia*, the following language:

"Much has been said in the briefs and in argument to the effect that he placed his signature on this note, and that he thereby became liable as an indorser or at least a guarantor. But in order to create a liability of such a character, or of any character for that matter, the signature must have been made with intent to authenticate and give effect to the contract. Ordinarily, when one's signature appears upon a promissory note, the law implies such an intention and prescribes the liability assumed. But this is not so when the signature follows a memorandum, specific and complete, showing just what was intended, and that it was not signed to accomplish the purpose above specified. When one, not a party to the note, places his name thereon for a particular purpose sufficiently made manifest, by the writing he signs thereon, his engagement is express and no contract beyond that can be implied."

The court also quoted with approval the following Missouri cases dealing with similar situations, viz.: Tucker v. Gentry, 93 Mo. App. 655, 660, 67 S. W. 723; Ginter v. McBride, 222 Mo. App. 1156, 14 S. W. (2d) 41, 42. The court also cited the following cases as supporting its ruling, viz.: Central Trust Co. v. First Natl. Bank, 101 U. S. 68, 70, 25 L. Ed. 876, 877; Pickering v. Cording, 92 Ind. 306, 47 Am. Rep. 145, and Gray Tie & Lumber Co. v. Farmers' Bank, 109 Ky. 694, 60 S. W. 537, 538.

The Vermont opinion concludes with the following:

"On the authorities referred to, we hold that the writing on the back of this note being clear and complete, limits the force and effect of Foote's signature to its terms, and neither gives rise to nor allows any implied liabilities beyond them. Foote was not liable to pay the note, and, of course, it cannot be enforced against his estate. This being so, we need not consider the alleged trial errors referred to in the brief."

In Clark v. Whiting, 45 Conn. 149, the court made a similar ruling.

As we have reached the conclusion that the finding and judgment of the learned chancellor was erroneous, it follows that the judgment of the trial court should be, and is, therefore, reversed and the case is remanded to the circuit court with instructions to cause the property

in controversy to be sold for cash by a special commissioner under appointment of the court, at the place and under notice as set out and required in the deed of trust, and to cause the proceeds of such sale to be applied first to the payment of the costs and expenses of the sale, next to the payment of the costs of this suit, and next to the payment of all taxes due on the real estate, and apply the remainder to the payment of the two $2000 notes held by plaintiffs and to the two $60 interest notes due and owing by defendants, prorating such payments on said four notes, and, if the payments on the two $60 interest notes be not sufficient to pay them in full then to render judgment against defendants for the remainder due on said two $60 notes, together with the costs of such judgment. *Becker* and *McCullen, JJ.*, concur.