# Rollman Corporation v. John D. Goode, Horizons Towne House Limited, et al.

[400 A.2d 968]

No. 65-78

Present: Barney, C.J., Daley, Larrow and Hill, JJ., and Smith, J. (Ret.), Specially Assigned

Opinion Filed March 5, 1979

*K. William Clauson*, Hanover, New Hampshire, and *Richard I. Burstein*, Randolph, for Goode.

*Arnold R. Rosenwasser*, New York, New York, and *Alan G. Thompson*, Brattleboro, for Horizons.

**Hill, J.** The plaintiff-appellee Rollman Corporation (Rollman) sold the Novice Inn, a Dover ski lodge, to John Goode, the defendant-appellant. Goode gave to Rollman in part consideration for the sale a first mortgage on the premises. He later sold the Inn to Casiello Investors Corporation (Casiello), taking back in part payment a second mortgage. Casiello sold the Inn to Horizons Towne House Limited (Horizons), another appellee herein, taking back a mortgage. Each mortgage was conditioned upon the owner insuring the property for the benefit of the mortgage holder. Horizons' insurance policy, however, did not name any of the mortgage holders as beneficiaries. In March, 1974, the Novice Inn burned.

The next month Rollman began foreclosure proceedings against Goode, its mortgagor, naming, *inter alia*, Casiello and Horizons as defendants. Swim and Costello, by virtue of their interest in a purchase and sale agreement with Horizons, were permitted to intervene as parties defendant. Goode petitioned for foreclosure on its part requesting that the equity of redemption of Casiello, Horizons, and all other junior lienors be foreclosed and that the insurance proceeds due as a result of the fire also be foreclosed. He also included a Count on Breach of Covenant against Casiello and Horizons alleging that Casiello covenanted to pay Goode under the second mortgage and that Casiello also covenanted to keep the premises satisfactorily insured against fire. The count also alleged that Horizons as the successor and assign of Casiello was affirmatively bound on the covenant to insure. Goode further alleged that Horizons in the deed from Casiello had expressly assumed the mortgage to Goode or, in the alternative, that Horizons had "expressly and impliedly covenanted to fulfill and be bound by the express covenants of said mortgage from said Casiello Investors Corp. to John D. Goode."

In its petition, Rollman requested a shortened period of redemption, which was granted. The court then severed Goode's petition for foreclosure as well as his claim to the insurance proceeds.

The decree established the dates of the equity of redemption of the various defendants. Goode had to redeem on or before May 20,

1975, and Swim and Costello by May 22, 1975. The others followed. Goode did not redeem. Swim and Costello redeemed on May 22, 1975, by paying cash and executing a mortgage to Rollman in an amount sufficient to equal the sum set forth in the decree of foreclosure. On the same day Rollman assigned his interest in the insurance proceeds to Behren.

Goode moved for summary judgment on his foreclosure petition and insurance claim. Horizons, in turn, moved for summary judgment against Goode, filing with the motion affidavits and an executed deed correcting the original deed from Casiello to read subject to the mortgage rather than assuming the mortgage. The court granted Horizons' motion. It is from this decision that Goode appeals.

■■ Summary judgment may be granted only when there are no genuine issues of material fact. V.R.C.P. 56. One fact claimed by Goode to be contested is whether Horizons, in accepting the warranty deed from Casiello, agreed to assume Goode's mortgage. Horizons points out that Goode failed to come forward with evidence to rebut the corrective deed and affidavits submitted in support of its motion for summary judgment. Horizons asserts that under V.R.C.P. 56(e) Goode is precluded from disputing that Horizons took the property subject to Goode's mortgage. We agree.

Assuming, as Goode argues, that the affidavits submitted by Horizons are incompetent under Rule 56, there is a supporting document, the corrective deed, that Goode has failed to deny by countervailing evidence. With this deed standing uncontradicted, we must conclude that Horizons took the property subject to Goode's mortgage. See V.R.C.P. 56(e). Horizons, therefore, did not incur any personal liability to pay Goode by force of the clause in the mortgage deed, and that document does not assist him in his effort to recover these insurance proceeds. *Hyland's Estate* v. *Foote's Estate*, 106 Vt. 1, 168 A. 925 (1933).

■ Goode contends that even if Horizons took the property subject to his mortgage he still should have an equitable lien on the insurance proceeds on the basis of his mortgage with Casiello.

His argument is two-fold. The mortgage deed provides:

THE CONDITION OF THIS DEED IS SUCH, that if the said Casiello Investors Corporation, its successors or assigns shall well and truly pay or cause to be paid to the said John D. Goode . . . the sum of Twenty-Two Thousand Five Hun-

dred and no/100 ($22,500.00) Dollars, and interest thereon, . . . and shall at all times keep the buildings on said land satisfactorily insured against loss by fire, for the benefit of the mortgagee, . . . then this deed to be null and void, otherwise to remain in full force and virtue.

Goode alleges that this language creates covenants—not merely conditions—to insure and to pay his mortgage. He then asserts that because these covenants "touch and concern the land" they run at law and are enforceable directly against Horizons as a successor and assign of Casiello. Alternatively, the appellant argues that whether these covenants run at law is unimportant because where the property was insured, albeit solely for the benefit of the owner, an equitable lien attaches to the insurance proceeds.

The quoted language failed to confer on Goode any right to these insurance proceeds. Assuming—but not deciding—that the quoted language is in the nature of covenants, the law is too well settled for this Court to accept the arguments of the appellant.

> The courts generally are in accord . . . that, as a simple covenant in a mortgage to insure for the benefit of the mortgagor does not run with the land, a purchaser of the equity of redemption, subject to a mortgage, payment of which he does not assume, is under no legal obligation to insure for the benefit of the mortgagee, though a covenant binds the mortgagor to do so.

> And neither in case of a covenant by a mortgagor on his own behalf to insure for the benefit of the mortgagee is there any implied agreement to assume and perform the obligation of the covenant to insure, raised against the subsequent grantee from the mortgagor, where the conveyance to him contained no assumption of that obligation, and no assumption of the payment of the mortgage debt . . . .

Annot., 38 A.L.R. 1404, 1404–05 (1925) (citations omitted).

The only authority cited by the appellant to support his arguments recognizes the settled nature of this question as it relates to the supposed covenant to pay Goode's mortgage.

> If considered anew, the problem would probably be treated just like the burden to pay rent, which runs with the land. But the problem is not new. Perhaps now community ex-

pectations are based upon the rule as it is, and a prospective change by statute is the appropriate way to handle the problem.

Berger, *A Policy Analysis of Promises Respecting the Use of Land,* 55 Minn. L. Rev. 167, 229 (1970). See generally G. Osborne, Handbook of the Law of Mortgages §§ 253–260 (2d ed. 1970).

We hold that these supposed covenants do not run with the land and cannot form the basis for a recovery of the insurance proceeds involved here.

■ Goode's final argument is that Horizons expressly and impliedly agreed to be bound by the terms of his mortgage. He claims that because Horizons failed to respond to these allegations in its motion for summary judgment a trial is required. We disagree.

Goode relies on an agreement dated September 5, 1971, in which he agreed with Horizons to change the payment schedule on his mortgage.

> The fact that the owner of land on which a mortgage has been placed by a prior owner makes payments thereon, or seeks an extension of time in which to remove the lien, does not of itself establish a personal undertaking for its payment.

*Fitzgerald* v. *Flannagan,* 125 N.W. 995, 997 (1910), *rev'd on rehearing on other grounds,* 155 Iowa 217, 135 N.W. 738 (1912), cited in *Hyland's Estate* v. *Foote's Estate, supra.* Nowhere in the written agreement does it appear that the change in this payment schedule was conditioned on Horizons assuming the mortgage, and such a condition will not be implied where the parties have stated their intentions in writing and that agreement fails to indicate an assumption. See *Hyland's Estate* v. *Foote's Estate, supra;* G. Osborne, *supra* § 256.

*Affirmed.*