## Jane P. Gore v. Green Mountain Lakes, Inc., Charles Merlini, Leigh Merlini, David Fjeldstad, and Laurie Fjeldstad

[438 A.2d 373]

No. 391-80

Present: Barney, C.J., Larrow, Billings, Hill and Underwood, JJ.

Opinion Filed September 23, 1981

Motion for Reargument Denied October 29, 1981

*John S. Burgess* and *James W. Stevens* (On the Brief), Brattleboro, for Plaintiff.

*Fitts, Olson, Carnahan, Anderson & Bump*, Brattleboro, for Green Mountain Lakes, Inc.

*Kenneth V. Fisher, Jr.*, Brattleboro, for Merlinis and Fjeldstads.

**Hill, J.** Jane Gore, the plaintiff, appeals from an order of the Windham Superior Court granting the defendants' motion for summary judgment. She contends that material issues of fact existed between the parties, thereby precluding summary judgment under V.R.C.P. 56. We affirm.

On December 10, 1971, Green Mountain Lakes, Inc., purchased from the plaintiff a tract of land containing more than 300 acres. The purchase was secured by a mortgage agreement that provided for semi-annual payments (due on December 10 and June 10) until December 10, 1982. The agreement also provided that the plaintiff would release sections of land from her mortgage as Green Mountain Lakes tendered certain payments.

Green Mountain Lakes made its last payment on December 5, 1975. Before the date of the next scheduled payment, Green Mountain Lakes sold various parcels of land to the individual defendants. On September 19, 1978, the plaintiff filed suit. Count I of the complaint alleged that Green Mountain Lakes had defaulted on the mortgage note. The trial court entered judgment for the plaintiff on the mortgage note against Green Mountain Lakes, which does not appeal that portion of the judgment. In Count II of her complaint, the plaintiff alleged that the conveyances from Green Mountain Lakes to the Fjeldstads and Merlinis should be set aside because they were made without consideration and with the intent of defrauding Jane Gore, Green Mountain Lakes' principal creditor. Both parties moved for summary judgment under V.R.C.P. 56. The trial court denied the plaintiff's motion but granted the motion of the defendants.

██ Rule 56 provides a mechanism for the disposition of issues, claims, and defenses which do not merit a full trial. The rule requires the moving party to satisfy a two-part test. First, the movant must demonstrate that there are no material fact issues between the parties. Second, the movant must present a valid legal position, one that entitles the movant to judgment "as a matter of law." V.R.C.P. 56(c); see *Alpstetten Association, Inc.* v. *Kelly,* 137 Vt. 508, 514–16, 408 A.2d 644, 647–48 (1979); *Sykas* v. *Kearns,* 135 Vt. 610, 612, 383 A.2d 621, 623 (1978). Consequently, we must turn to the respective parties' factual submissions and theories of the case before we can properly evaluate the grant of summary judgment.

The plaintiff's attorney filed two affidavits in support of her motion. He stated that he was the agent for the receipt of payments from Green Mountain Lakes; that Green Mountain Lakes had defaulted on the note before the conveyances to the

individual defendants; and that Leigh Merlini and Laurie Fjeldstad were the daughters of Richard Ross, President of Green Mountain Lakes. The defendants' cross-motion for summary judgment was supported by an affidavit and documents filed at various stages of the proceedings. In his affidavit, the defendants' attorney stated "on information and belief" that the premises had been released from the plaintiff's mortgage. The defendants' documentary evidence consisted of releases signed by the plaintiff for the conveyed property; the deeds for the property; copies of the Vermont property transfer tax returns that reported the purchase prices; and correspondence with the plaintiff's attorney accompanied by a copy of a check for the December 5, 1975, mortgage payment.

The plaintiff's complaint roughly sketches a theory of recovery under our law of fraudulent conveyances. See 9 V.S.A. § 2281. *Becker* v. *Becker,* 138 Vt. 372, 416 A.2d 156 (1980), reviewed our case law on fraudulent conveyances, and outlined a four-part test for cases, such as the plaintiff's, which allege that transfers of property were made without consideration.

> The plaintiff must establish (1) that there existed a right, debt or duty owed to her by the defendant, which debt, in this case, arose before or near the time of the defendant's conveyance; (2) that the defendant conveyed property which was subject to execution in satisfaction of the defendant's debt; (3) that the conveyance here was without adequate consideration; and (4) if the conveyance was without adequate consideration, as here alleged, that the defendant acted fraudulently to the hindrance of the plaintiff's rights against him.

*Id.* at 375, 416 A.2d at 159.

*Becker* also sets forth the proof requirement where consideration supports the challenged sale. "Where the transfer is for consideration, the creditor must show that the grantor-debtor *and the grantee* knowingly participated in the fraudulent conveyance." *Id.* at 376, 416 A.2d at 160 (citing *Rose* v. *Morrell,* 128 Vt. 110, 259 A.2d 8 (1969)) (emphasis added). However, the plaintiff's complaint here did not allege that the individual defendants knowingly participated in a

fraudulent conveyance. Nor is there any evidence in the record to indicate such knowledge by the individual defendants. Consequently, this alternative is not before us, and we must examine this case on the basis of the theory presented in the plaintiff's complaint. See 10 C. Wright & A. Miller, Federal Practice and Procedure § 2716, at 435–36 (1973) (appellate court may not consider new theory of case on appeal from summary judgment decision).

The plaintiff's complaint advanced the theory that the land sales to the individual defendants were for no consideration. However, the plaintiff filed no evidence to support her conclusion. Nor did she contest the defendants' documentary evidence, in the form of Vermont property transfer tax returns, which established that Green Mountain Lakes had received more than $55,000.00 for the two parcels. Nevertheless the plaintiff argues that her allegations of fraud in the complaint were sufficient to create triable issues of fact. Allegations alone cannot create triable issues of fact. Allegations of fraud do not even address the amount of consideration paid by the individual defendants. Time and again we have held that the opponent to a summary judgment motion may not rest on allegations in the pleadings to rebut credible documentary evidence or affidavits. See, e.g., *Miller* v. *Merchants Bank*, 138 Vt. 235, 237–38, 415 A.2d 196, 198 (1980); *Rollman Corp.* v. *Goode*, 137 Vt. 84, 86, 400 A.2d 968, 969 (1979). Thus, the defendants satisfied their burden of demonstrating that there were no material issues of fact before the trial court concerning the issue of consideration. See *Sykas* v. *Kearns, supra*, 135 Vt. at 612, 383 A.2d at 623.

The defendants, by proving that the sales were supported by consideration, established a complete defense to the plaintiff's suit, absent knowing participation by the grantee. See *Becker* v. *Becker, supra*, 138 Vt. at 376–77, 416 A.2d at 160. A defendant who moves for summary judgment satisfies his legal burden when he presents "at least one legally sufficient defense that would bar plaintiff's claim." 10 C. Wright & A. Miller, *supra*, § 2734, at 647. Thus, defendants were entitled to summary judgment "as a matter of law." V.R.C.P. 56(c).

The plaintiff also urges reversal ·on the ground that the defendants' affidavits in support of their summary judgment motion were improper, as they were made on information and belief rather than personal knowledge. See V.R.C.P. 56(e); *Department of Social Welfare* v. *Berlin Development Associates,* 138 Vt. 60, 62, 411 A.2d 1353, 1355 (1980). However, we need not consider this issue. Even assuming that the defendants' affidavits were improper, the judgment was amply supported by undisputed documentary evidence before the trial court. See V.R.C.P. 56(c); *Rollman Corp.* v. *Goode, supra,* 137 Vt. at 86, 400 A.2d at 969 (1979).

*Affirmed.*