STATE OF VERMONT

| SUPERIOR COURT | ENVIRONMENTAL DIVISION |
|---|---|
| Vermont Unit | Docket No. 99-7-13 Vtec |

| Creative Spirit CU & SP After Remand | DECISION ON MOTION |
|---|---|

Applicant Sheila Bedi seeks a conditional use permit for a child daycare facility in an existing single family home located at 154 West Fairlee Road in the Town of Thetford, Vermont that Ms. Bedi plans to renovate. Ms. Bedi submitted a conditional use application on August 23, 2013 to the Town of Thetford ("the Town"). After several hearings, the Town of Thetford Development Review Board ("the DRB") approved the application with conditions. Neighboring property owners Ridge Satterthwaite, Sally Gage, Cathy Estes, Peter Estes, Deborah McKee, Glenn McKee, Christine Kogel, Cleopatra Mathis, Philip Banios, Helen Drew, Jon Kryander, Cathy Roberts, and Joe Roberts ("Appellants") timely appealed that approval to this Court.

Appellants filed a 23-question Statement of Questions presenting issues generally related to conditional use approval including issues of parking, traffic and circulation, lighting, landscaping, grading and drainage, the character of the area, noise, visual impacts, and state issued wastewater and water supply permits all under the Town of Thetford, Vermont Zoning Bylaw ("the Bylaw"). Ms. Bedi and the Town of Thetford move for summary judgment in their favor on all questions. Ms. Bedi and the Town are represented by Brian P. Monaghan, Esq. Appellants are represented by Nathan H. Stearns, Esq.

## Factual Background

For the sole purpose of putting the pending motion into context, the Court recites the following facts which it understands to be undisputed:

1. On August 23, 2012, Sheila Bedi submitted an application for conditional use approval to renovate an existing single-family residence and attached garage and establish a child daycare facility at 154 West Fairlee Road in the Town of Thetford, Vermont. The property is bounded

on the western side by Field Point Road and by West Fairlee Road on the southern/southwestern side. To the southeast, east, and northeast are abutting landowners.

2. The floor area of the building, including the attached two-car garage, is approximately 2,755 square feet.

3. The proposed interior renovations would include finishing the garage as a classroom area, kitchenette, and bathroom while using the interior of the residence as a preschool classroom, a room for infants with a kitchen area, and maintaining a dining room and full kitchen.

4. The use as proposed would not serve more than 38 children and would employ up to eight staff members.

5. The Town of Thetford Development Review Board ("the DRB") held an initial hearing on the application on September 25, 2012. The hearing was continued to October 9, 2012 and then again to October 23, 2012. The DRB issued a written decision granting Ms. Bedi's application with conditions on November 27, 2012. Appellants timely appealed that decision to this Court.

6. At the request of the Town and with the consent of Appellants the application was remanded to the DRB to make further findings of fact and conclusions of law that were omitted from the November 27, 2012 decision. In granting the motion to remand the Court dismissed, without prejudice, that first appeal.

7. The DRB issued the second decision on July 2, 2013, again approving the application with conditions. Appellants timely appealed this second decision which is the appeal now before the Court.

8. The proposal includes 19 parking spaces, all of which are 10 feet by 20 feet, except that one space is an Americans with Disabilities Act compliant parking space which has additional space around it.

9. The parking area is located to the side of the building. The parties dispute whether this parking area fronts on a public road.

2

10. The existing driveway that will serve the proposed use is 24 feet wide with a 30-foot radius at the street edge. A new driveway apron will be paved as required by Vermont Agency of Transportation standards.

11. The driveway has a grade of less than 15% and is less than 100 feet long.

12. The parties dispute the sight distances from the driveway on West Fairlee Road.

13. Apart from employees traveling to and from the business, Ms. Bedi will not use any vehicles as part of her business.

14. Ms. Bedi provided a traffic estimate, but the accuracy or reliability of that estimate is challenged by Appellants.

15. Ms. Bedi proposes to add four exterior lights in addition to four existing exterior lights for a total of eight exterior lights. The proposed lights are full cut-off fixtures intended to prevent light from being emitted at an angle less than 15 degrees below the horizontal. The lighting fixtures will have a maximum height of eight feet.

16. Ms. Bedi states that the lighting is consistent with the character of the neighborhood and will not have any off-site impacts, while Appellants dispute these statements.

17. Ms. Bedi also provided an analysis of noise created by the project, but Appellants dispute whether the engineer who prepared the report is qualified as an expert in noise impact analysis and therefore dispute the accuracy or reliability of the noise study.

18. The proposed screening plan includes retaining existing plantings, construction of a four-foot-tall stockade fence running from the building in both directions, planting four-foot-tall cedar trees every 30 feet along a portion of the stockade fence, and planting a number of additional four-foot-tall cedars between Field Point Road and the parking area. Whether the proposed screening plan adequately screens the project, including the parking area, is disputed by the parties.

19. The parties dispute what the character of the surrounding area is, and whether the proposed daycare fits within that character. Specifically, Ms. Bedi suggests that other uses in the area are similar to her daycare use. Appellants focus on the residential character of the area and argue that the commercial daycare does not fit in with the surrounding residential uses.

3

**Discussion**

Appellants raised 23 questions in their Statement of Questions. Ms. Bedi and the Town have moved for summary judgment in their favor on all questions and ask this Court to approve Ms. Bedi's application as a matter of law. Appellants have withdrawn 3 questions in response to the motion but oppose summary judgment on the remaining 20 questions, arguing that material facts are in dispute and therefore a trial is necessary.

**I.      Summary Judgment Standard**

For the Court to enter summary judgment in a moving party's favor, that party must establish that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a); V.R.E.C.P. 5(a)(2). We must "accept as true the [factual] allegations made in opposition to the motion for summary judgment" and give the non-moving party (here, Appellants) the benefit of all reasonable doubts and inferences. Robertson v. Mylan Labs., Inc., 2004 VT 15, ¶ 15, 176 Vt. 356 (internal citations omitted); V.R.C.P. 56(c) (laying out summary judgment procedures). Both the party claiming that a material fact is undisputed and the party seeking to establish a dispute of material fact must support their assertions with citations to materials in the record that would be admissible at trial. V.R.C.P. 56(c)(1).

**II.     Questions 2, 21, and 22**

Question 2 of Appellants' Statement of Questions asks: "Whether Appellee's project fully satisfies the requirements for driveways and private roads as contained in Section 3.13 of the By-Laws." Question 21 and 22 ask whether the project complies with objectives contained in Section 1.02, the purpose provisions, of the Bylaw. In their response to Ms. Bedi's and the Town's motion for summary judgment, Appellants have voluntarily withdrawn these questions from the appeal. We therefore direct that Questions 2, 21, and 22 are **DISMISSED**.

**III.    Questions 1 and 23**

Appellants' Question 1 asks whether Ms. Bedi's proposed project "fully satisfies the off-street parking requirement as contained in Section 3.03 of the [Bylaw]." As there is no dispute over the number of proposed parking spaces, the question of whether the project contains sufficient off-street parking is appropriate for summary judgment.

4

The Bylaw § 3.03 requires that all unpaved off-street parking spaces must be not less than ten feet wide or 20 feet in length. It is undisputed that all 19 proposed parking spaces meet these dimensional requirements. Regarding the number of spaces required, the Bylaw provides guidelines for different uses. For "[c]ommercial, business, and unspecified uses" the Bylaw requires "1 space for every motor vehicle used in the business plus 1 space for each 200 square feet of floor area." Bylaw § 3.03. While these guidelines may be waived or varied by the DRB, neither party argues that application of the guidelines is inappropriate in this case. Instead, Appellants argue that because Ms. Bedi proposes to have eight employees, eight motor vehicles will be "used in the business," and that adding the spaces required per square foot results in a total of 22 required spaces. Ms. Bedi argues that employee vehicles are not used in the business, and therefore only 14 spaces are required.

The Bylaw parking provisions make clear that employee vehicles are distinct from vehicles used in the business. In particular, the Bylaw provides that "industrial, wholesale, storage, etc. uses" require "1 space for every motor vehicle used in the business plus 1 space for each two employees." Id. We therefore conclude that the Bylaw is drafted to reflect a different treatment for employee vehicles, versus vehicles actually used in the course of Ms. Bedi's business.[1] This is also supported by the plain meaning of the words in the Bylaw. An employee's vehicle is used to commute to and from the business and not for the purposes of the business operations. For these reasons, we find as a matter of law that the Bylaw guidelines for off-street parking only require 14 spaces for Ms. Bedi's project. Since the project includes 19 parking spaces, we further conclude that the project provides sufficient off-street parking. We therefore **GRANT** Ms. Bedi's and the Town's motion for summary judgment on Appellants' Question 1.

Appellants' Question 23 asks "[w]hether or not Section 3.10 has been satisfied and, if not, can site plan or conditional use approval be granted absent a demonstration that the proposed Project is fully compliant with on-site sewage system requirements." Bylaw § 3.10 states: "For development that will include a wastewater or potable water supply system, no

---

[1] There is no suggestion in the record that Ms. Bedi intends to ask employees to use their personal vehicles in connection with her proposed business. We understand that employee vehicles will be driven to and parked at the business, solely to transport employees to and from work.

5

construction may be initiated under a zoning permit unless and until a wastewater or potable water supply permit is issued by the Agency of Natural Resources under 10 V.S.A. chapter 64."

Based on the plain language of § 3.10, the issuance of a state wastewater/potable water supply permit is not a pre-condition to obtaining a municipal permit. Rather, that section contemplates that a zoning permit may <u>issue</u> prior to an applicant obtaining a state wastewater/potable water supply permit, but that construction cannot begin, even for a project that obtains a zoning permit, unless and until that state permit is issued. Appellants' Question 23 is therefore answered in the affirmative, the conditional use and site plan approvals now before the Court may be granted, even absent a showing of compliance with a required but not yet obtained wastewater permit. Bylaw § 3.10 merely prohibits the construction of an approved project until after the project receives a state permit. We therefore **GRANT** Ms. Bedi's and the Town's motion for summary judgment on Appellants' Question 23; that Question is **DISMISSED**.

## IV.     Questions 3–20

As noted above, Questions 3–20 relate to various aspects of Ms. Bedi's proposed use and to compliance with the Bylaw requirements related to traffic and vehicular circulation, landscaping and screening, grading and drainage, lighting, the character of the area, and noise. Despite arguments from Ms. Bedi and the Town that all material facts are undisputed, there exists a dispute of material fact for all of these remaining questions.

Appellants have come forward with affidavits which sufficiently dispute material facts relative to these questions. Specifically, site distances from the project driveway and the impact of those site distances on traffic safety and vehicular access are disputed. The parties further dispute whether the parking area is a large uninterrupted expanse of parking that is out of character with the area. The noise that will be caused by the project is disputed, as well as the accuracy of Ms. Bedi's noise expert's opinions and traffic estimates. The reliability of an expert witness and the credibility of his opinions are questions of fact that, when disputed, can only be resolved through trial. Whether the screening and landscaping will adequately eliminate impacts on neighboring properties and their owners remains disputed. The parties

also dispute what the character of the surrounding area is and whether that character will be adversely affected by the proposed project.

Appellants' disputed facts are not mere allegations, they are supported by affidavit of a neighboring property owner, Mr. Satterthwaite, who states upon personal knowledge facts regarding the character of the area and the proposed project's alleged impacts thereon. See Gore v. Green Mountain Lakes, Inc., 140 Vt. 262, 266 (1981) ("Allegations alone cannot create triable issues of fact."). Ms. Satterthwaite's allegations directly contradict the factual representations that Ms. Bedi and the Town rely upon in support of their pending summary judgment motion. That factual dispute can only be resolved when the competing witnesses testify at trial and the court can assess their reliability and credibility. Additionally, Appellants offer the affidavit of their own noise expert to challenge both the qualifications of Ms. Bedi's noise expert as well as his conclusions as to whether the project complies with the Bylaw noise requirements.

These factual disputes must be resolved through a full evidentiary hearing. "Summary judgment is not a substitute for a determination on the merits, so long as evidence has been presented which creates an issue of material fact, no matter what view the court may take of the relative weight of that evidence." State of Vt. Environmental Bd. V. Chickering, 155 Vt. 308, 319 (1990) (citation omitted). For the above stated reasons, we **DENY** Ms. Bedi's and the Town's motion for summary judgment on Appellants' Questions 3–20. Those Questions must await a trial before the Court can address them.

Electronically signed on September 26, 2014 at Newfane, Vermont pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Judge
Environmental Division

7