Filed 11/7/2023

VERMONT SUPERIOR COURT

Windham Unit
7 Court Street
Newfane VT 05345
802-365-7979
www.vermontjudiciary.org



CIVIL DIVISION

Case No. 22-CV-03222

---

**Jeffrey Rivard v. Town of Brattleboro**

---

# ENTRY REGARDING MOTION

Title:        Motion for Summary Judgment (Motion: 5)
Filer:         Brian P. Monaghan
Filed Date:   July 21, 2023

     This matter was brought by Plaintiff Jeffrey Rivard and consists of various allegations against Defendant Town of Brattleboro. Plaintiff alleges a course of discriminatory conduct, negligence, and various other ill-defined improprieties.

     Before the court now is Defendant's motion under Rule 56 of Vermont Rules of Civil Procedure for a summary judgment and dismissal of the matter on all counts with prejudice. Defendant asserts that none of Plaintiff's claims actually suggest that the Town Defendant or any of its employees were ever in violation of any law or are in any way liable to Plaintiff. Defendant provides a memorandum of law, statement of undisputed facts, and supporting exhibits. Plaintiff opposes Defendant's motion in various filings and addenda, provides his own "Facts in Dispute," supporting exhibits, and in one of his responses appears to move the court for a summary judgment in his favor. For the reasons to follow, Defendant's motion for summary judgment is GRANTED. To the extent that Plaintiff's "Sur Reply" can be considered a motion for summary judgment, it is DENIED for not following the pleading rules or satisfying the legal standard.

## I. Summary Judgment Standard

     Summary judgment is appropriate where the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." V.R.C.P. 56(a). The initial burden falls on the moving party to show an absence of dispute of material fact. See *Couture v. Trainer*, 2017 VT 73, ¶ 9, 205 Vt. 319 (citing V.R.C.P. 56(a)). And while the moving party has the burden of proof, courts construe "the facts presented in the light most favorable to the nonmoving party," *Vanderbloom v. State, Agency of Transp.*, 2015 VT 103, ¶ 5, 200 Vt. 150, such that "the nonmoving party receives the benefit of all reasonable doubts and inferences." *Pettersen v. Monaghan Safar Ducham PLLC*, 2021 VT 16, ¶ 9; *Robertson v. Mylan Laboratories, Inc.*, 2004 VT 15, ¶ 15, 176 Vt. 356.

Indeed, in determining the existence of genuine issues of material fact, courts "accept as true the allegations made in opposition to the motion for summary judgment, so long as they are supported by affidavits or other evidentiary material." *Robertson*, 2004 VT 15, ¶ 15. A fact is material only if it might affect the outcome of the case. *O'Brien v. Synnott*, 2013 VT 33, ¶ 9, 193 Vt. 546.

Vermont Rule of Civil Procedure 56(c) sets out a mandatory procedure for demonstrating that "a fact cannot be or is genuinely disputed." V.R.C.P. 56(c)(1). The party asserting that a fact is not disputed, or is disputed, must file "a separate and concise statement of undisputed material facts" with "specific citations to particular parts of materials in the record." *Id.* The requirements of Rule 56 are important and where a party does not adequately dispute a statement of undisputed facts, a court may accept those facts as admitted. See V.R.C.P. 56(e) (stating that where a party fails to properly support an assertion, the court may, among other options, consider the fact as undisputed); see also *Stone v. Town of Irasburg*, 2014 VT 43, ¶ 55, 196 Vt. 356.

To survive a motion for summary judgment, the non-moving party must respond with specific facts to raise a triable issue and demonstrate sufficient admissible evidence to support a prima facie case. *Dulude v. Fletcher Allen Health Care, Inc.*, 174 Vt. 74, 79 (2002). The non-moving party's opposition to summary judgment "may not rest upon the mere allegations or denials in its pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial." *White v. Quechee Lakes Landowners' Ass'n, Inc.*, 170 Vt. 25, 28 (1999) (internal quotations omitted). When a defendant moves for a summary judgment, he satisfies his legal burden by presenting "at least one legally sufficient defense that would bar plaintiff's claim." *Gore v. Green Mountain Lakes Inc.*, 140 Vt. 262, 266 (quoting 10 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 2734, at 647 (1973)).

Here, Defendant's motion conforms to the requirements of Rule 56(c)(1) in that it is supported by the required statement of undisputed facts citing to the record. Plaintiff's response, including any implicit Rule 56 motion of his own, however, does not meet the pleading requirements such replies or motions. Plaintiff's "Facts in Dispute" does not contain "specific citations to particular parts of materials in the record" as required by V.R.C.P. 56(c)(2). Instead, Plaintiff generally disclaims that the record is inaccurate, offers his version of the events, and recounts that "it is obvious" that the police in Brattleboro "have come after [him]."

Pursuant to V.R.C.P. 56(e), "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: … consider the fact undisputed for the purposes of the motion…." V.R.C.P. 56(e)(2). As such, the court concludes that Plaintiff has not adequately disputed Defendant's statement of undisputed facts and the Court accepts those facts as admitted pursuant to V.R.C.P. 56(e)(2). See Reporter's Notes, V.R.C.P. 56, 2003 Amendment ("… entitlement to summary judgment is based on a review of the pleadings and other documents in the record, the relevant provisions of those documents *must be referred to* in the statement of material facts required by Rule 56 (c)(2) in order for them to be considered by the court in ruling on the motion" (emphasis added)).

## II. Undisputed Facts

On February 2, 2022, Plaintiff was involved in an automobile crash. At the time of the incident, Plaintiff was a resident of the Town of Brattleboro. Another driver attempted to pass Plaintiff in a no passing zone, sped to attempt to pass him, and drove to the right crossing into his lane. Plaintiff intentionally hit the other driver's vehicle. Officer Ryan Washburne and Officer Tyler Law of the Brattleboro Police Department responded to the crash. After investigating the incident, neither officer issued a traffic citation to either party to the accident. Officer Law took from Plaintiff a small envelope that contained his auto documents.

Plaintiff filed this lawsuit against the Town Defendant on September 28, 2022, alleging that the Town undertook illegal action against him in the form of discrimination and retaliation. An additional basis of Plaintiff's complaint is that officers should have cited the other driver with a traffic infraction. Plaintiff's complaint alleges that the Brattleboro Police Officers' improprieties constitute discrimination and retaliation that caused Plaintiff to be removed from a homeless shelter, caused him to be denied emergency housing benefits, and all of this ultimately caused him to become homeless. However, the staff at Plaintiff's shelter actually asked Plaintiff to leave the temporary housing in December 2019 because he was verbally abusive and used threatening language. Plaintiff alleges that officers discriminated against him because of his status as an individual with a history of mental health concerns, including depression, anxiety, bipolar disorder with delusions, and intermittent bouts of rage.

Plaintiff submitted citizen complaints to the Department in August 2020, February 2021, May 2021, and February 2022. All of these complaints have been investigated and resolved. On February 18, 2021, Plaintiff filed Citizen complaint #21BB01076. The complaint made several allegations related to Officer Ryder Carbone's investigation of a motor vehicle accident, dated between June and September of 2020. Interim Chief Carignan wrote Plaintiff a letter detailing the investigation into the complaint and explaining that all matters were determined either unfounded or that the Officer was exonerated.

On February 2, 2022, Plaintiff filed Citizen complaint #22BB000827. This Complaint alleged that Officer Bradley Penniman did not include certain statements Plaintiff made in his narrative report. Chief Norma Hardy wrote Plaintiff a letter dated February 7, 2022, reporting that there was no misconduct, and explaining that it is not uncommon for officers to summarize and include general details in writing incident reports. Officer Penniman re-listened to the recorded interview and added the minor omission. In May of 2021 Plaintiff filed a Citizens complaint alleging that Officer Kerylow called him a vulgarity ("Dink"). After speaking with a Brattleboro Police Department investigator, Plaintiff determined that it was no longer necessary to pursue the complaint.

As a result of his dealings with the Brattleboro Police Department, Plaintiff experienced sleeplessness and physical pain from the anxiety, paranoia, and insecurity that police would not respond to his concerns. Plaintiff did not seek and has not provided a record of any counseling or

treatment for any alleged emotional distress.  Plaintiff explains that the provider he had been seeing was "closed and was subject to complaints."  Plaintiff claims emotional damages in the amount of $800.00.

## III. Analysis

Plaintiff filed his original complaint on September 14, 2022.  On September 19, 2022, this court issued an order requiring Plaintiff to submit an amended complaint due to his failure to comply with Rule 8(a) of Vermont Rules of Civil Procedure.[1] See Entry Order dated September 19, 2022.  The original complaint contained a bare list of statutes, and various isolated terms and phrases. See Plaintiff's Original Complaint dated September 14, 2022.  The complaint failed to include "a short and plain statement of claim showing that [Plaintiff] is entitled to relief…." See *Id.* and Entry Order dated September 19, 2022.

Plaintiff filed an amended complaint on September 26, 2022.  The amended complaint was still difficult to parse and comprehend.  The court was forced to engage in speculation to determine what in particular Plaintiff alleges and seeks.  The court ultimately interprets that Plaintiff asserts two causes of action against Defendant.

In Count 1, Plaintiff alleges specifically that the Brattleboro Police Department Officers Washburn and Law did not, but should have, issued a traffic infraction to a motor vehicle operator involved in a crash with Plaintiff on February 2, 2022.  Plaintiff's remaining claim was difficult to decipher.  Ultimately, the court interprets Plaintiff's claim in Count 2 to allege that the general course of Defendant's conduct toward Plaintiff and his family constitutes discrimination and retaliation.  To the extent that Plaintiff asserts additional claims scattered throughout his submissions, the court does not consider these as they are not asserted in the amended complaint. Plaintiff never requested the court to amend his complaint to include these claims and they are, therefore, not properly before the court.  The court addresses both counts in turn.

### A. Specific Claim that "Officers Did Not But Should Have Issued a Traffic Infraction"

This claim relates to Plaintiff's driving incident from February 2, 2022.  Plaintiff asserts that Defendant had an obligation to issue a ticket to the other party to the incident. Plaintiff's Amended Complaint dated September 26, 2022.  Plaintiff does not cite any applicable rule or law to support his position.  Indeed, it appears that law enforcement officers do not have a statutory or common law duty to issue tickets.  Conversely, "[a] well established tradition of police discretion has long coexisted with apparently mandatory arrest statutes." *Kane v. Lamothe*, 2007 VT 91, ¶ 10, 182 Vt. 241 (citing *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 760 (2005). See also V.R.Cr.P. 3(a), (b) ("A law enforcement officer *may* arrest without warrant a person whom the officer has probable cause to

---

[1] "A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief the pleader seeks." V.R.C.P. 8(a).

believe has committed or is committing a felony [or a misdemeanor in the officer's presence]." (emphasis added)).

Although there appears to be no implicit or explicit authority mandating law enforcement officers to issue tickets, Plaintiff's claim would still fail even if the claim was based in negligence. "Common law negligence has four elements: a legal duty owed by defendant to plaintiff, a breach of that duty, actual injury to the plaintiff, and a causal link between the breach and the injury." *Ziniti v. New England Cent. R.R., Inc.*, 2019 VT 9, ¶ 15, 209 Vt. 433 (quoting *Demag v. Better Power Equip., Inc.*, 2014 VT 78, ¶ 6, 197 Vt. 176). Dismissal of a negligence action is appropriate where the plaintiff has not pled facts that, if true, could establish that the defendant had a duty of care to the plaintiff. *Smith v. Day*, 148 Vt. 595, 597 n.1 (1987) (holding that without "a duty of care, an action for negligence must fail" (quotation omitted)). "The existence of a duty is a question of law to be decided by the court." *Sorge v. State*, 171 Vt. 171, 174 (2000).

As the Vermont Supreme Court held in *Kane v. Lamothe*,

> [t]he State's law enforcement duties are provided for by statute. The Department of Public Safety was created "to promote the detection and prevention of crime generally." 20 V.S.A. § 1811. Included within the Department are the state police, who "shall be peace officers and shall have the same powers with respect to criminal matters and the enforcement of law relating thereto as sheriffs, constables, and local police." *Id.* § 1914. As the trial court concluded, the statutes create no special relationship between crime victims and law enforcement personnel: "The officer's duty is owed to the community as a whole. It obviously encompasses the protection of crime victims, but it is shaped primarily by the need to investigate and prosecute crimes." Cf. *Corbin v. Buchanan*, 163 Vt. 141, 144 (1994) (noting "the absence in Vermont of any general inference of a private action based on government regulations whose clear purpose is the general welfare"). The statutes do not set forth any mandatory acts, much less mandatory acts for the protection of a particular class of persons … the statutes do not create a special duty….

2007 VT 91, ¶ 9, 182 Vt. 241. Accordingly, since a law enforcement officer owes his duty to the "community as a whole," and there can be no special duty established in the present case, nor is there any additional statutory duty to issue a ticket, Plaintiff's claim in Count 1 must fail.

**B. Discriminatory Course of Conduct**

The court determines that Plaintiff's other claim involves what he perceives as a discriminatory course of conduct by Defendant against Plaintiff and his family. The court infers this by scrutinizing Plaintiff's complaint holistically. Plaintiff states that Officer Law took "1 small envelope which was used to store driver's insurance and other auto/driver documents but returned all else [–] a petit larceny, where the envelope is not returned…." Plaintiff's Amended Complaint dated September 26, 2022. Plaintiff also mentions "discrimination and retaliation" in the context of the driving incident, his interactions with the Brattleboro Police in other matters, his unsuccessfully

attempting to reach out to Brattleboro Police Chief to discuss his issues, and generally not responding to Plaintiff's complaints and concerns adequately. This, coupled with the specific allegation in Count 1 leads the court to believe that the gist of Plaintiff's complaint is that he is generally dissatisfied with the way that the Police Department in Brattleboro deals with his concerns, and he alleges that this constitutes discrimination. And while the court may empathize with Plaintiff's perceived situation, there is no remedy a court may offer when Plaintiff's complaint includes allegations in a confused detail and does not contain a specific legal provision or a rule under which to assess alleged discrimination. Plaintiff, in other words, cannot invoke the court's jurisdiction to adjudicate free-floating grievances untethered from any law. See *Miller v. Human Rights Commissioners*, No. 2022-AP-116, 2022 WL 8012522, at *1 (Vt. Oct. 14, 2022) (unpublished memorandum). Plaintiff has failed to clearly identify a cognizable legal claim and show how the evidence in the record supports its legal elements (which also remain unidentified).

If the nonmoving party fails to establish an essential element of its case on which it has the burden of proof at trial, the moving party is entitled to summary judgment as a matter of law. *State v. G.S. Blodgett Co.*, 163 Vt. 175, 180 (1995). In the present case, Defendant is entitled to summary judgment as a matter of law on all counts, as Plaintiff has failed to demonstrate any triable issue and has not successfully opposed Defendant's motion for summary judgment, or supported any such motion he may be considered to have brought.

### Order

For the foregoing reasons, Defendant's motion for summary judgment is GRANTED and the complaint is dismissed on all counts. To the extent that Plaintiff's "Sur Reply" can be considered a motion for summary judgment, it is DENIED for the reasons stated above.

**Signed electronically November 7, 2023 pursuant to V.R.E.F 9(d).**

_____
**David Barra**
**Superior Court Judge**