
Vermont Superior Court
Filed 09/22/25
Windham Unit

VERMONT SUPERIOR COURT
Windham Unit
7 Court Street
Newfane VT 05345
802-365-7979
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 24-CV-04166

Aaron Aldrich v. Ashlee Riddle

# DECISION AND ORDER
## REGARDING
## DEFENDANT ASHLEE RIDDLE'S MOTION FOR SUMMARY JUDGMENT

This matter arises from Plaintiff Aaron Aldrich's attempt to evict Defendant Ashlee Riddle from a "shared occupancy" pursuant to 9 V.S.A. §4467(h). Defendant disputes the "shared occupancy" status of the parties and now moves for summary judgment under Rule 56. For the reasons set forth more fully below, Defendant's motion is GRANTED.

1. Defendant's motion for summary judgment

After the court scheduled an eviction hearing, Defendant moved for summary judgment, citing a failure to properly terminate the tenancy due to the lack of a shared occupancy agreement. Defendant argues that the termination of tenancy of shared occupancy statute is not applicable to the living arrangement between her and Plaintiff. Additionally, Defendant contends that Plaintiff failed to meet the statutory notice prerequisites for termination of tenancy under 9 V.S.A. § 4467. On August 7, 2025, the court granted Plaintiff's request for an extension to respond to Defendant's motion. Ultimately, Plaintiff did not respond to Defendant's motion.

2. Summary judgment standard

Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." V.R.C.P. 56(a); *Kelly v. University of Vermont Medical Center*, 2022 VT 26, ¶ 15, 216 Vt. 445. A fact is material only if it might affect the outcome of the case. *O'Brien v. Synnott*, 2013 VT 33, ¶ 9. In assessing whether a genuine dispute as to any material fact exists, the courts construe "the facts presented in the light most favorable to the nonmoving party," *Vanderbloom v. State, Agency of Transp.*, 2015 VT 103, ¶ 5, 200 Vt. 150, such that "the nonmoving party receives the benefit of all reasonable doubts and inferences." *Pettersen v. Monaghan Safar Ducham PLLC*, 2021 VT 16, ¶ 9, 214 Vt. 269. The courts, therefore, "accept as true the allegations made in opposition to the motion for summary judgment, so long as they are supported by affidavits or other evidentiary material." *Robertson v. Mylan Laboratories, Inc.*, 2004 VT 15, ¶ 15, 176 Vt. 356. If a party fails to properly address another party's assertion of fact as required by Rule 56(c), the court may consider the fact undisputed for purposes of the motion. V.R.C.P. 56(c)(2).

To survive a motion for summary judgment, the nonmoving party "may not rest upon the mere allegations or denials in its pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial." *White v. Quechee Lakes Landowners' Ass'n, Inc.*, 170 Vt. 25, 28 (1999) (internal quotations omitted). If the nonmoving party fails to establish an essential element of its case on which it has the burden of proof at trial, the moving party is entitled to summary judgment as a matter of law. *State v. G.S. Blodgett Co.*, 163 Vt. 175, 180 (1995). When a defendant moves for a summary judgment, he satisfies his legal burden by presenting "at least one legally sufficient defense that would bar plaintiff's claim." *Gore v. Green Mountain Lakes Inc.*, 140 Vt. 262, 266 (1981) (quoting 10 Wright & Miller, Federal Practice and Procedure: Civil § 2734, at 647 (1973)).

3. Undisputed facts

The court applies the standards set forth above and views all evidence in the light most favorable to the nonmoving party. Both Plaintiff and Defendant are residents of Windham County, Vermont. In February 2024, pursuant to a verbal agreement, Defendant Ashlee Riddle moved into the residence located at 503 Marlboro Road, Brattleboro, VT 05301. Plaintiff owns the home and also lived there at this time. The following month Mr. Aldrich was arrested and charged with first degree aggravated domestic assault with a deadly weapon and domestic assault for actions allegedly taken against Ms. Riddle at the residence. Mr. Aldrich was released under the conditions that he does not communicate Ashlee Riddle or come within 300 feet of her residence, school, motor vehicle, or place of employment. On April 24, 2024, the court issued a final order of protection to remain in effect till October 24, 2024, requiring Mr. Aldrich to stay 300 feet away from Ms. Riddle, and her places of residence and employment.

On May 31, 2024, Plaintiff was arrested again and charged with violating the abuse prevention order when he went to the residence. The court issued another final order of protection to remain in effect until October 24, 2025. Documents filed in relation to this case list Plaintiff's address as 552 Hinesburg Road, Brattleboro, Vermont. See Ex. C–G to Def.'s Mot. For Summ. J. (filed July 11, 2025. On September 12, 2024, Plaintiff served Defendant with a notice of termination of tenancy with a termination date of October 8, 2024, pursuant to 9 V.S.A. § 4467(h). When Defendant failed to vacate the residence by the listed termination date, Plaintiff filed a complaint for ejectment.

4. Discussion

The court must consider whether Plaintiff and Defendant's living situation constitutes a "shared occupancy" for purposes of termination of shared occupancy under 9 V.S.A. § 4467(h). If the living arrangement constitutes a "shared occupancy" rental agreement, the motion for summary judgment should not be granted and the parties must proceed to an eviction hearing. If, however, the living arrangement does not constitute a "shared occupancy" rental agreement, the motion for summary judgment should be granted.

Section 4467(h) applies to "[a] rental arrangement whereby a person rents to another individual one or more rooms in his or her personal residence that includes the shared use of any of the common living spaces, such as the living room, kitchen, or bathroom[.]" Plaintiff's Complaint references a verbal

living agreement made in February 2024, under which Plaintiff asserts he and Defendant agreed to live at the residence together, "including the shared use of common living spaces."

The relationship between "shared occupants" is not well defined under the statute, and authoritative case law is virtually silent on this issue. For these reasons, the court recognizes the opportunity for a more tailored legislative solution for terminating tenancies where non-married romantic partners are involved. Under these constraints, however, courts may consider the "plain and ordinary meaning" of words not defined within a statute. *Brisson Stone, LLC v. Town of Monkton*, 2016 VT 15, ¶ 19, 201 Vt. 286, 293. This court has indicated that "[t]he plain language of Section 4467(h) reveals two predicates: (1) that the tenant rent at least one room in the landlord's residence, and (2) that the landlord and tenant share at least some common living spaces." *Heyde v. Macias*, No. 23-CV-04076, at *1 (Vt. Super. Ct. Wash. Civ. Div. Oct. 25, 2023).

In this case, there is no mention of certain areas within the home designated as "shared" between the parties. Furthermore, protection orders issued against Plaintiff have prevented him from entering the residence since March 27, 2024, and, presumably, Plaintiff and Defendant have not physically shared any spaces within the residence since that time. In sum, the absence of the statutory element of shared space within this living arrangement precludes the existence of a shared occupancy.

Vermont courts have also construed Section 4467(h) as applying to tenancy agreements where a landlord lives at the residence and shares common living space(s) with the tenant, and the tenant rents a separate, private room within the residence. See, e.g., *In re McCarty*, 2013 VT 47, ¶ 2, 194 Vt. 109 (finding that attorney assisting landlord failed to follow Section 4467(h) notice requirements when he wrongly evicted individual who rented room in owner's residence with shared access to other parts of property); see also *Heyde* at *1 (court was unable to determine whether tenancy was subject to Section 4467(h) because of factual disputes as to whether tenants—who lived in "Tiny Home" on landlords' property and shared bathroom and kitchen facilities with landlords—also rented room in landlords' residence). Likewise, a New Hampshire statute similar to Section 4467(h) provides a definition harmonious with the interpretations suggested by Vermont courts. See N.H. Rev. Stat. Ann. § 540-B:1 ("A shared facility means real property rented for residential purposes which has separate sleeping areas for each occupant and in which each occupant has access to and shares with the owner of the facility one or more significant portions of the facility in common, such as kitchen, dining area, bathroom, or bathing area, for which the occupant has no rented right of sole personal use."). Again, Plaintiff's and Defendant's filings lack any discussion of either party occupying separate spaces and commonly shared areas within the residence. Thus, the termination of shared occupancy statute does not apply to the living arrangement between Plaintiff and Defendant.

Finally, Defendant further asserts that since there is no shared occupancy agreement, Plaintiff did not give Defendant adequate actual notice to vacate the property under the no-cause termination statute. Courts must uphold the applicable statutory requirements for serving a notice of termination of tenancy. "With respect to the termination of residential leases, we have followed the trend in other jurisdictions to require 'punctilious compliance with all statutory eviction procedures, including notice provisions.'" *Vermont Small Bus. Dev. Corp. v. Fifth Son Corp.*, 2013 VT 7, ¶ 15, 193 Vt. 185 (quoting *In re Soon Kwon*, 2011 VT 26, ¶ 14, 189 Vt. 598 (mem.) (quotation omitted)). Under the

termination of tenancy statute, the length of notice required depends on the grounds for ending the tenancy, and termination of shared occupancy is subject to a shortened notice period. See 9 V.S.A. § 4467. Here, Plaintiff served the notice of termination of tenancy on September 12, 2024, with a termination date of October 8, 2024. This left Defendant with only 26 days to vacate the residence and fails to comply with the 60-day notice requirement of 9 V.S.A. § 4467(c) for termination for no cause. In summary, Section 4467(h) was an improper recourse for Plaintiff to terminate Defendant's tenancy and Plaintiff failed to provide adequate notice of termination of tenancy to Defendant.

## ORDER

Accordingly, Defendant's motion for summary judgment is GRANTED. Judgment is entered for Defendant Ashlee Riddle.


Electronically signed: 9/22/2025 11:32:51 AM pursuant to V.R.E.F. 9(d)

_____

John R. Treadwell
Superior Court Judge